Walter Lee JACKSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13463.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1964.

Rehearing Denied Jan. 6, 1965.

Valdhe F. Pitman and Malcolm Baucum, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in Error, Walter Lee Jackson, hereinafter referred to as defendant, was charged by information in the County Court of Cleveland County with the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. He was tried by a jury, found guilty, and his punishment assessed at 30 days in jail and $1.00 fine. From that judgment and sentence he has perfected his timely appeal asserting five propositions of error.

It will be necessary to briefly relate the facts of the case. Two of the State's witnesses testified in substance that they observed an early model Chevrolet driven by the defendant, on State Highway 77-H on the morning of May 10, 1962. That he was driving in a very erratic manner from one side of the highway to the other, and had traffic piled up behind him nearly to a standstill. They reported this to a Norman City Police Officer, after passing defendant and continuing into town. The officer proceeded out the highway and observed the car coming toward him. Just as the officer was about to meet this car, defendant pulled off the highway, onto the shoulder, and *into* the bar ditch. The officer proceeded past said vehicle, turned around, stopped behind the vehicle and walked up to it. The driver appeared to be passed out. He then placed him under arrest and helped him out of the car. The officer observed a bottle of wine laying in the front seat, and a further search of the car disclosed another bottle under the front seat. The officer testified that after observing defendant's appearance, the strong smell of alcoholic beverage, and the way he handled himself; that in his opinion, defendant was intoxicated.

Defendant took the stand in his own behalf, which was his only defense. He testified that the reason he had pulled off the highway was that he was taking medicine prescribed by some doctor on 13th Street in Oklahoma City for a back injury, and that it had made him dizzy. It was brought out on cross-examination that he had been convicted of numerous other drunk charges, one of which was Driving While Intoxicated.

Of defendant's five contentions of error, there are three of which are meritorious and which we will discuss here. Number one, which asserts "Error of Court and County Attorney in permitting the introduction of hearsay evidence over the defendant's objection". The particular segment complained of appears at page 17 of the case-made, as follows:

"A. I just went on home then, I saw one of the here in Norman and I told the cop—

"BY MR. BAUCUM:
(Interrupting) We object to this as hearsay testimony.

"BY MR. RAMBO:
There has been no hearsay yet, Your Honor.

"BY THE COURT: Overruled.

"Q. Go ahead, who did you see, sir?

"A. Ah, it was one of the cops here in Norman, I forget his name, it was sort of a young guy.

"Q. And what did you relate to him, please?

"BY MR. BAUCUM:
I'm going to object to that as purely hearsay. He can't testify what he told some third person not in presence of this defendant.

"BY THE COURT: Objections overruled.

"BY MR. BAUCUM: Exceptions.

"Q. You may answer the question, what did you report to the officer?

"A. I just told him there was a guy drunk coming down the road driving a car is all I told him.

"BY MR. BAUCUM: All right, now at this time, comes the defendant, after the objection to the hearsay statement being overruled by the court, moves that in view of this statement given by this witness,

that the court now grant the defendant a mistrial.

"BY MR. RAMBO: Further, on part of the State of Oklahoma, the State would instruct' counsel should he move for a mistrial, do it out of hearing of jury.

"BY THE COURT: Motion will be overruled. The last statement of the witness will be stricken and the jury will disregard that statement."

Not only was that particular statement of the witness stricken, but at pg. 60, *the entire testimony* of this witness was stricken. So, the hearsay evidence was not admitted for consideration.

■■■ This Court held in the case of Maiden v. State, Okl.Cr., 273 P.2d 774:

"The reception of hearsay evidence over objection is error. Whether it is reversible error depends upon all facts and circumstances of the case and the prejudicial effect which the reception of such evidence might have had on the jury."

■■■ We do not condone the questioning of the county attorney, however, in this particular instance, it was not error. We further cannot see that the statement was prejudicial since there was ample other testimony as to defendant's condition.

Defendant's next proposition is that the county attorney erred in inquiring of a prosecuting witness about an Intoximeter Test.

During the testimony of Johnnie Henry, Norman Police Officer, the county attorney on pg. 43-46 cm, asked, "Did you offer the defendant an Intoximeter?" Defense counsel immediately objected and moved for a mis-trial. The trial court overruled the motion and advised the jury to disregard the question. The county attorney *again* asked the witness, "Did you on that occasion have any conversation with the defendant relative to the taking of a breath analysis, commonly known as Intoximeter?" Defense counsel *again* had to object, and *again*

moved for a mis-trial. He, on both objections, called it to the attention of the county attorney and the trial judge, that this Court has held this type of question to be reversible error.

The trial judge then called for a recess and upon returning to court overruled defendant's motion, but sustained the objection to the question and any further evidence concerning the intoximeter inadmissable.

There is no question but that the county attorney knew this question was improper. If he was not apprised of this on the first instance, the record tells us that he was well aware of it the second time.

■■■ In the case on Engler v. State, Okl.Cr., 316 P.2d 625, this Court held:

"Permitting evidence in chief, over objection of the defendant of his refusal to take 'Sobriety Test' is prejudicial error and is reversible upon review."

You will note this states "of his refusal to take 'Sobriety Test' * * *." In the instant case, the witness was never allowed to answer, due only to defense counsel's objections.

■■■ We are of the opinion, therefore, that the defendant was not seriously prejudiced by the questions in view of the objections and the reasons stated above.

We come now to defendant's proposition #4—Error of Court in refusing to give his requested instruction #3.

Defendant complains that he was entitled to an instruction on his theory of defense. He took the stand and contended that he had been taking drugs, (presumably codeine) prescribed by a physician and that was why he blacked out on the highway, not because he had been drinking. He contends that to refuse his requested instruction on this theory was error.

While this Court has held, as in Arnold v. State, 96 Okl.Cr. 266, 252 P.2d 941:

"It is error for the trial court to fail and refuse to instruct on the law ap-

plicable to a theory of the defense which the evidence tends to support, especially when requested by the defendant."

This was prior to 1961, when Title 47, O.S.A. § 11–902, was amended to read:

"(a) It is unlawful and punishable as provided in paragraph (c) of this section for any person who is under the influence of intoxicating liquor to drive, operate, or be in actual physical control of any motor vehicle within this state.

"(b) It is unlawful and punishable as provided in paragraph (c) of this section for any person who is an habitual user of or under the influence of any narcotic drug, barbiturate, amphetamine, marihuana, or who is under the influence of any other drug to a degree which renders him incapable of safely driving a motor vehicle to drive a motor vehicle within this state. *The fact that any person charged with a violation of this paragraph is or has been lawfully entitled to use such narcotic drug, barbiturate, amphetamine, marihuana, or other drug shall not constitute a defense against any charge of violating this paragraph. * * *."* (Emphasis ours.)

Under the statute clearly stated above, *taking drugs prescribed by a physician, is not a defense* for Operating a Motor Vehicle while Under the Influence of Intoxicating Liquor. For when defendant testified he had been taking drugs which caused him to black out, he was pleading guilty to Title 47, O.S.A. § 11–902, sub-section (b), which is, as shown above, the same statute and same punishment.

Therefore, it could not have been error for the trial judge to refuse the instruction defining it as defendant's theory of defense.

This Court has carefully and *repeatedly* reviewed the record in this case. We cannot find any error of law meritorious enough to warrant reversal. We *do not approve of* the questioning of the county attorney, and his apparently deliberate attempt to inject error into the record, however, due only to defense counsel's objections and the fact that much of the objectionable testimony was stricken, it did not constitute reversible error in this case.

The judgment and sentence of the trial court is therefore, affirmed.

JOHNSON, P. J., and BUSSEY, J., concur.