Andrew T. SIMMONS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16396.

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

Herbert K. Hyde, Jr. and T. Hurley Jordan, Public Defender, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Andrew T. Simmons, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County of the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, After Former Conviction of a Felony; his pun-

ishment was fixed at five (5) years' imprisonment in the state penitentiary and a fine of $1.00 and from said Judgment and Sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that on February 10, 1970, Trooper Lindley first observed the defendant at approximately 8:30 P.M. when he stopped him for speeding. He testified that the defendant had been drinking but was not under the influence. Approximately one hour later he observed the defendant driving his automobile in an erratic manner, weaving back and forth between three traffic lanes. He stopped the vehicle and it appeared that the defendant was more noticeably unstable on his feet, his speech was more slurred, and the odor of alcohol was stronger. He was of the opinion that the defendant was intoxicated and placed him under arrest. He advised the defendant of his Miranda rights and the consequences of refusing breath or blood tests. The defendant refused both tests.

The defendant's mother and father testified that the defendant had been to their house shortly after receiving the traffic ticket and he was not drunk. They were called to the scene of the arrest by the highway patrolman to take charge of defendant's daughter, and in their opinion he was not drunk.

The sole proposition asserts that the jury's verdict of five (5) years imprisonment and a one ($1.00) dollar fine is harsh and excessive for the reason that the same was the direct result of and was influenced by passion or prejudice. We are of the opinion that this proposition is well taken. The arresting officer testified on direct examination that the defendant refused to take a blood or breath test. We have previously held that permitting evidence in chief, over objection, that defendant had refused to take sobriety test is prejudicial error and is reversible on review. Jackson v. State, Okl.Cr., 397 P.2d 920 (1964). The defendant did not object to the testimony and thus does not require reversal. The record further reveals that the arresting officer again on direct examination testified that the defendant told him that he was under probation. The defendant promptly objected and requested a mistrial. The Court denied the motion for mistrial and admonished the jury to disregard the statement. We are of the opinion that the answer constituted an "evidentiary harpoon" condemned by this Court time after time. Green v. State, Okl.Cr., 481 P.2d 805 (1971).

We are of the opinion that there was sufficient evidence to support the verdict of the jury. We can arrive at no other conclusion than that the improper testimony of the arresting officer prejudiced the defendant with the jury and the justice would be best served by modifying the judgment and sentence to a term of two and one-half years imprisonment and a fine of $1.00 and as so modified the judgment and sentence is affirmed.

NIX and BRETT, JJ., concur.