O. E. "Pete" Richeson, Henryetta, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

**Edward L. MARTIN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15465.**

Court of Criminal Appeals of Oklahoma.

July 21, 1971.

MEMORANDUM OPINION

PER CURIAM.

Edward L. Martin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Okmulgee County for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor; his punishment was fixed at ten days imprisonment in the county jail, and a fine of $100.00 and costs.

This case must be reversed for the reason that the State, in the opening statement, referred to the fact that the defendant refused to sign a Consent to Take a Blood Test. The arresting officer testified, on direct examination, that the defendant refused to sign the Consent for Blood Test, and further, refused to sign an affidavit that he refused the test. Defense counsel properly objected at the first mention of refusing the blood test in the opening statement, and timely objected to this line of questioning on direct examination. We have previously held that permitting evidence in chief over objection, that the defendant had refused to take a sobriety test, is prejudicial error, and is reversible on re-

view. Jackson v. State, Okl.Cr., 397 P.2d 920 (1964). See also Simmons v. State, Okl.Cr., 485 P.2d 489.

The cause is accordingly reversed and remanded for a new trial. The District Attorney should consider filing an amended Information setting forth a clearer description of the route on which the defendant is alleged to have been operating his motor vehicle.

Reversed and remanded for a new trial.