**Theodore Deforrest SALISBURY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15445.**

Court of Criminal Appeals of Oklahoma.

July 21, 1971.

John D. Harris, Thomas Hanlon, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Theodore Deforrest Salisbury, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County for the offense of Carrying a Firearm, After Former Conviction of a Felony. His punishment was fixed at ten years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Because of the ultimate conclusion, we do not deem it necessary to recite a statement of facts. This case must be reversed for the reason that the trial was conducted in a one-stage proceeding, and further, that the District Attorney in his opening statement referred to the prior Felony convictions. In the recent case of Baeza v. State, 478 P.2d 903, we stated in the first Syllabus:

> "It is reversible error to read language of information alleging defendant's prior convictions in the opening statement of district attorney or to refer to prior felony convictions in said opening statement."

See also McCoin v. State, Okl.Cr., 478 P. 2d 905.

We further observe that the trial court instructed the jury as to good time credits, as provided in 57 O.S.Supp.1968, § 138. We have heretofore held this to be error. Williams v. State, Okl.Cr., 461 P.2d 997. The cause is accordingly reversed and remanded for a new trial with instructions that the trial court should conduct a further Evidentiary Hearing concerning defendant's Motion to Suppress the Evidence.

It would appear to this Court that the search of an adjoining bedroom could not be ruled contemporaneous to the arrest of the defendant, unless the weapon was in plain view, as contended by the Brief of the Attorney General. Reversed and remanded.

BRETT and NIX, JJ., concur.