**Homer Arnold SLOAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**
**No. A–16647.**

Court of Criminal Appeals of Oklahoma.
Nov. 15, 1972.

Jack N. Shears and Leonard G. Geb, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Homer Arnold Sloan, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Kay County, Oklahoma for the offense of Operating a Motor Vehicle Under the Influence of Intoxicating Liquor, After Former Conviction of a Felony; his punishment was fixed at one (1) year imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

We do not deem it necessary to recite the statement of facts inasmuch as the cause must be reversed.

The first proposition asserts that "it is reversible error to read language in an information alleging defendant's prior convictions or to refer to prior convictions in the opening statement or prior to defendant's guilt on current offense." This proposition is well taken in Lovell v. State,

Okl.Cr., 455 P.2d 735 (May 14, 1969), we stated in the syllabus:

"1. Allegations of prior convictions in information place reputation of defendant in issue at commencement of trial and is in violation of rule that defendant's reputation may not be placed in issue until such time as it is raised by defendant. To do so is a denial of due process. Harris v. State, Okl.Cr., 369 P.2d 187.

"2. Under second and subsequent offense statute, information should be divided into two parts: In the first, which should be upon first page and signed by prosecuting officer, particular offense with which accused is charged should be set forth; and, in second, which should be upon second page, separate from first page, and signed by prosecuting officer, former convictions should be alleged. 21 O.S.A. § 51.

"3. Heretofore charges brought under Title 47, O.S.A. § 11–902 (driving while intoxicated, second offense) have been an exception to the rule adopted in Harris, supra. But in view of new 'Court Reform' now in operation, it is no longer excluded and from this day forward, such cases are to be tried in conformity with the Harris opinion, supra."

In the instant case which was tried on October 27, 1970, the information alleging prior convictions was read to the jury during the opening statement of the State. We further observe that the State introduced evidence in chief that defendant refused to take a blood test. In Jackson v. State, Okl.Cr., 397 P.2d 920 (1965) we stated in the third syllabus:

"Permitting evidence in chief, over objection of the defendant of his refusal to take 'Sobriety Test' is prejudicial error and is reversible upon review * * *."

The judgment and sentence is accordingly reversed and remanded.

BRETT, J., concurs.