**Jack Eugene VERNON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17994.**

Court of Criminal Appeals of Oklahoma.

July 2, 1973.

Rehearing Denied Aug. 8, 1973.

Milor, Legate & Eakin, Marietta, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Linda Frye, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Jack Eugene Vernon, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Carter County, Oklahoma, Case No. CRM–72–248, for the offense of Driving While Intoxicated. His punishment was fixed at six months in the County Jail and a fine of $250.00. From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial reflects that at approximately 9:45 p. m. on August 13, 1972, two Oklahoma Highway Patrol officers driving two separate patrol units observed defendant driving a vehicle on the wrong side of the road. One of the units had to pull off the road to avoid a head-on collision. While pursuing defendant's vehicle, the trooper observed that defendant crossed the center line several times and ran off the shoulder of the road. When defendant was finally stopped, he was unsteady on his feet, staggering, clothes disarranged, pants unzipped, speech slurred and had a strong odor of alcohol about him. Defendant was placed under arrest, advised of his rights and informed

that he could take either a breath or blood test. Officer Robin Smith then testified that defendant at the scene refused to take any test, but when he was taken to the County Jail he agreed to take a blood test. Defendant was taken to a local hospital where a small blood sample was drawn and subsequently transported to a state laboratory for testing.

Officer David Pruitt, the driver of the other patrol car, testified essentially the same as Officer Smith concerning the manner in which defendant drove his automobile and his appearance and demeanor after being stopped and arrested. Officer Smith testified defendant was in an intoxicated state and that he and Officer Pruitt placed the defendant under arrest for the crime of driving while intoxicated. Officer Pruitt testified the defendant was drunk.

The State then rested, and defendant introduced numerous witnesses who testified that they were with defendant on the evening in question in a local club and that in their opinion defendant was sober when he left same. Numerous other witnesses testified as to defendant's good reputation in the community.

Defendant then testified in his own behalf stating that he arrived at the club around 8:00 p. m. and had two or three drinks with several friends. He further testified that he was not driving on the wrong side of the road when arrested and was not intoxicated.

Defendant also testified that on a previous occasion he had been arrested by Officer Smith for driving with an invalid driver's license; that Officer Smith had been abusive and that the prior incident was mentioned by Officer Smith when he made the arrest in the instant case. Defendant further testified that the officer wanted to give him a breathalyzer test, but he refused and agreed to take a blood test. Defendant then introduced the results of said test which reflected an insufficient sample for analysis.

Defendant's first proposition in error urges that the trial court committed revers-

ible error in admitting the statement of Officer Smith that defendant first refused to take either test and then agreed to take a blood test. In support of his contention defendant cites certain Oklahoma cases which properly hold that permitting an arresting officer to testify that a defendant refused to sign a consent to take a blood test or refused to take a sobriety test was reversible error. Martin v. State, Okl.Cr., 487 P.2d 1179, and Engler v. State, Okl. Cr., 316 P.2d 625.

■ However, an examination of the record in the instant case reflects that the arresting officer testified that he advised the defendant that he could choose between a breath test and a blood test, and that defendant chose to take a blood test. No objection was made by defense counsel. Said failure would constitute a waiver if the testimony had been inadmissible. However, the relevant portion of 47 O.S., § 751, holds as follows:

"Any person who operates a motor vehicle upon the public highways or streets of this state shall be deemed to have given consent subject to the provisions of this act to a chemical test or tests of his blood or breath, at the election of the person purposed to be tested, for the purpose of determining the alcoholic content of his blood. * * *"

■ The statement now objected to on appeal related the informing of defendant of his right to elect which test he would take and the election of defendant. This Court holds that the testimony was properly admitted and was in no way prejudicial to defendant. Defendant's first proposition in error is, therefore, without merit.

■ Defendant next contends that the trial court committed reversible error in not granting a new trial when the State evidently made an attempt to introduce the report of the results of the blood test. The pertinent testimony of Officer Smith concerning the report is as follows:

"Q. I show you what has been marked for identification as State's Exhibit # 1.

Can you identify that, what that is, please?

"A. Yes, sir, this is a copy of the report sent by the State chemist, after running the test.

"Q. And is this normally done in the procedure in a blood test?

"A. Yes sir, it is.

"Q. And does this report come to you, Mr. Smith?

"A. Yes, sir, copy comes to me.

"MR. MILOR: Your honor, we have no way . . . We want the results of this test known, but this isn't the proper way to present it to this court, and I think the District Attorney's office well knows this is not the proper way to present this report."

The trial court then admonished the jury as follows:

"THE COURT: The jury will disregard any remarks by either the State or the Defense Attorney regarding this instrument handed to the highway trooper at this time . . . completely disregard it."

Defendant urges that he was placed in an untenable position at trial since the State could not properly introduced the report, but the jury was cognizant of its existence, and that defendant was therefore compelled to offer the report into evidence. With this contention we cannot agree. The statement of defense counsel set out above states that defendant wanted the jury to know the results of the test. The report was subsequently introduced into evidence by defendant, and the results were inconclusive since there was an insufficient sample for analysis. Defendant's original objection to the questions of the District Attorney was sustained, and the jury was properly admonished by the trial court. Defendant was admittedly not prejudiced by the results of said test. Therefore, defendant's second proposition in error is without merit.

Defendant's third proposition of error urges that the trial court committed reversible error in failing to sustain defendant's motion for a new trial after one of the State's witnesses mentioned a prior arrest of defendant. The relevant portions of the transcript concerning the complained of comment reflects the following testimony. First, on direct examination by the District Attorney, the following mention is made by Trooper Smith.

"Q. Trooper Smith, do you know the defendant, Mr. Vernon, who is present in the courtroom today?

"A. Personally, you mean?

"Q. Have you seen him before?

"A. Yes, sir, I have."

Next, on cross-examination of Officer Smith by defense counsel:

"Q. Now then, you said you were acquainted with this defendant Mr. Smith. Have you ever had a conversation with him prior to this occasion?

"A. Yes sir, I have.

"Q. And in that conversation, did you or did you not make a threat as to what you would do to him if you ever got the opportunity?

"A. No sir, I did not.

"Q. You, sir, are under oath I would remind you.

"A. Yes sir, I do understand.

"Q. Did you or did you not tell him that you would . . . that you would get him in Carter County or some other place?

"A. No sir, I did not."

Finally, the portion of the transcript to which defendant assigns error is found on redirect examination of the same witness.

"Q. Okay, defense counsel further asks about have you had occasion to see the defendant before. Have you seen this defendant before?

"A. Yes sir.

"Q. And what was the circumstance of that?

"A. Well, sir, I was with another trooper at the time he was arrested in Love County."

The complained of comment concerning a prior arrest arises out of the questions asked by defense counsel upon cross-examination. Defendant counsel did not object to the District Attorney's question concerning the circumstances of the prior confrontation. Defense counsel, instead, waited until the officer answered the question and mentioned the prior arrest and then moved for a mistrial. The trial court then immediately admonished the jury to disregard the remark and overruled the motion.

In the recent case of Briggs v. State, Okl.Cr., 484 P.2d 1315, this Court held as follows:

"It is the well established rule of law of this State that it is improper for the prosecution to attempt to show that the defendant had been charged or arrested for other charges. Dupree v. State, 10 Okl.Cr. 65, 134 P. 86 (1913). In the case at bar the defendant's attorney not only first asked the questions that the defendants now complain were improper but did not object when the same line of questioning was continued by the prosecuting attorney. This court does not condone the acts of the defense counsel in 'laying behind the log' by asking improper questions and then raising the complaint for the first time on appeal that the prosecuting attorney reasked the same questions. We are of the opinion that the error was invited by the defendant and further that the defendant did not properly preserve the record by timely objecting to the improper question. We, therefore, find this proposition to be without merit."

In the instant case the defense counsel failed to object to the question before it was answered, knowing full well that the witness would mention the prior arrest. We hold, therefore, that the error was invited by defendant. A full reading of the record does not reflect defendant to have been materially prejudiced by the remarks since defendant later took the witness stand and described the prior confrontation in order to attack the credibility of the officer's testimony. Therefore, defendant's third proposition in error is without merit.

■ Defendant last contends that the trial court committed reversible error by overruling his objection to the testimony of an arresting officer that defendant "was drunk." The District Attorney, on direct examination, asked Officer David Pruitt as follows:

"Q. Did you observe anything about this defendant at the time the arrest was made?

"A. He was drunk."

Defense counsel objected to the answer as being a conclusion. The trial court then stated that it thought the District Attorney should qualify the statement but overruled the objection. The District Attorney rephrased the question, and the officer described defendant's appearance as set out above in the statement of facts.

In paragraph five of the Syllabus in Moran v. State, 95 Okl.Cr. 6, 237 P.2d 920, this Court held as follows:

"The proof of the fact of intoxication or sobriety does not require special knowledge, and need not be made by expert testimony. The witness by whom the proof is sought to be made may describe the facts and circumstances which led to his conclusion, or he may simply state the fact of intoxication or sobriety."

See also Templeton v. State, Okl.Cr., 293 P.2d 636.

In the instant case, the officer first testified that defendant "was drunk." The trial court then in a proper exercise of judicial discretion stated that the officer should qualify his answer. The officer did so and then was submitted to cross-examination by defense counsel. This Court, therefore, holds that the questioned remark of the officer was admissible, and defendant's last proposition in error is without merit.

From a consideration of the record as a whole, we do not find defendant has been deprived of any substantial right, that the issues were fairly presented to a jury, and

that defendant received a fair and impartial trial. The verdict and judgment appealed from is, accordingly, affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting):

I must respectfully dissent to this decision. I believe this conviction should be reversed and remanded for a new trial. That part of the Trooper's answer to the prosecutor's question was highly prejudicial, when he said, "[I] also read him the chem-test card . . . the car (sic) we have got on the chem-test *and at that time, he said that . . . at that time, he said that we wasn't going to take any test at all* and I told him he would have another opportunity after we got to the County Jail to take the test." (Emphasis added.) Notwithstanding the fact that defense counsel failed to object to the answer, this prejudicial statement, coupled with the erroneous attempt to introduce the laboratory test results, is sufficient to warrant a new trial.

When the prosecutor attempted to introduce the laboratory report, which showed the blood sample was insufficient to reach a determination, defense counsel vigorously objected and moved for a mistrial. His motion was overruled and the trial continued.

Concerning the first proposition, when the Trooper testified that defendant first refused to take any type test, this Court stated in Jackson v. State, Okl.Cr., 397 P. 2d 920 (1965):

"In the case on Engler v. State, Okl.Cr., 316 P.2d 625, this Court held:

'Permitting evidence in chief, over objection of the defendant of his refusal to take "Sobriety Test" is prejudicial error and is reversible upon review.'

You will note this states 'of his refusal to take "Sobriety Test" * * *'
. . . . ."

Notwithstanding that no objection was entered to that answer, that statement, coupled with the Trooper's discussion concerning the small amount of blood taken, when the prosecutor openly presented the laboratory report in the jury's presence, could have only prejudiced the jury. Thereafter, it was incumbent upon the defendant to explain a laboratory report which reached no conclusions. The prosecutor knew that the report was of no probative value and should not have waived it in front of the jury.

Defendant's third proposition complains of the Trooper's reference to an earlier arrest of defendant, when the witness was with another Trooper. Defendant again objected and moved for a mistrial, which was denied. Notwithstanding the fact that the jury was admonished to disregard the Trooper's statement, the damage was already done; and it is highly doubtful that such admonishment cured the error.

The Attorney General attempts to apply the decision in Briggs v. State, supra, to justify the Trooper's answer, but I fail to see the connection. In Briggs, the defense counsel inquired of the defendant on direct examination, " 'Mr. Briggs have you ever had any trouble, other trouble, with the law?' The defendant started to explain the background of a previous conviction wherein he was interrupted by the Court. His attorney then asked: 'Please just state the formal charges that have been against you in the past?' " at page 1317 of 484 P. 2d. Thereafter, the prosecutor asked the defendant if he had been charged and arrested for other offenses, to which no objections were made. This Court then made the statement of law cited in the majority opinion. In the instant case defendant was not testifying concerning any former charges or arrests, but instead he was attempting to show the Trooper's prejudice toward him on cross-examination. The situation is entirely different and as I view the record, the rule set forth in Briggs v. State, supra, is not applicable to this case.

Considering the record in its entirety, I believe defendant did not receive a fair trial in accordance with due process of law; and therefore, defendant is entitled to receive a new trial. Consequently, I must respectfully dissent to this decision.