**Carl James ALLEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–280.**

Court of Criminal Appeals of Oklahoma.

Aug. 15, 1974.

Shirley & Stephenson, Watonga, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Pat Kernan, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The appellant, Carl James Allen, hereinafter referred to as defendant, was charged, tried and convicted in Case No. CRF–73–42 of the District Court, Blaine County, of the offense of Operating a Motor Vehicle Upon a Public Highway While Under the Influence of Intoxicating Liquor, Second and Subsequent Offense. He was sentenced to serve a term of three (3) years in the State penitentiary in accordance with the verdict of the jury. A timely appeal has been perfected to this Court.

In light of the issue here presented, it is unnecessary to summarize the evidence adduced at defendant's trial.

The defendant brings four assignments of error. Three of them do not merit discussion. The fourth necessitates the reversal of this case. In that assignment of error the defendant asserts that the State introduced evidence in its case in chief that,

following his arrest, he refused to take a blood or breathalyzer test.

The introduction of such evidence, when objection is timely made and the question preserved for review on appeal, constitutes reversible error. In Jackson v. State, Okl. Cr., 397 P.2d 920 (1955), we stated in the third paragraph of the syllabus:

"Permitting evidence in chief, over objection of the defendant of his refusal to take 'Sobriety Test' is prejudicial error and is reversible upon review . . . ."

See also, Sloan v. State, Okl.Cr., 503 P.2d 580 (1972); Engler v. State, Okl.Cr., 316 P.2d 625 (1957).

The judgment and sentence appealed from is accordingly reversed and remanded.

BLISS, P. J., and BRETT, J., concur.