James R. BUSHMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–612.

Court of Criminal Appeals of Oklahoma.

July 1, 1982.

Jimmy L. Sam, McAlester, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

James R. Bushman, hereinafter referred to as the appellant, was tried before a jury in Pittsburg County District Court for the offense of Forgery in the Second Degree, After Former Conviction of a Felony. He was convicted and sentenced to ten (10) years' imprisonment. From this judgment and sentence he now appeals.

This case must be reversed and remanded because it affirmatively appears in the record that the trial judge in his opening statements to the prospective jury panel referred to the fact that the appellant was standing trial after formerly being convicted of a felony. This Court has repeatedly held that it is reversible error for a district attorney to refer to a defendant's prior convictions in his opening statement. *Salisbury v. State*, 487 P.2d 741 (Okl.Cr.1971); *Sloan v. State*, 503 P.2d 580 (Okl.Cr.1972); *Baeza v. State*, 478 P.2d 903 (Okl.Cr.1970). We find it to be no less offensive to the bifurcated trial system when the trial judge rather than the prosecutor so refers to the defendant's prior convictions. 22 O.S.1981, § 860(a).

As reversal is in order on this basis, it is not necessary to address the other issues raised in the appeal.

The judgment and sentence should be reversed and a new trial granted.

The Honorable Tom R. Cornish filed his disqualification in the above styled and numbered matter, and the Honorable Lavern Fishel, District Judge of the Twenty-Fifth Judicial District, was appointed to serve in his stead.

BUSSEY, J., dissents.

FISHEL, J., concurs.

BUSSEY, Judge, dissenting:

Although the defendant objected to the mention that he had been charged After Former Conviction of a Felony, he failed to request an admonition or move for a mistrial. Moreover, it does not appear that the judge affirmatively referred to the defendant's prior conviction.