2011 UT App 305

**BONNEVILLE BILLING AND COLLECTIONS, a Utah corporation, Plaintiff and Appellee,**

v.

**DESIGNSCAPE, LLC, a Utah limited liability company, Defendant and Appellant.**

No. 20100395–CA.

Court of Appeals of Utah.

Sept. 1, 2011.

Sarah J. Beck, Salt Lake City, for Appellant.

Kevin P. Sullivan, Ogden, for Appellee.

Before Judges DAVIS, THORNE, and CHRISTIANSEN.

## MEMORANDUM DECISION

CHRISTIANSEN, Judge:

¶ 1 Defendant DesignScape, LLC (DesignScape), appeals the district court's April 2, 2010 order that awarded damages to plaintiff Bonneville Billing and Collections (Bonneville). We affirm.

¶ 2 This case arose after DesignScape allegedly damaged an underground powerline belonging to Pacificorp. Pacificorp assigned its damages claim against DesignScape to Bonneville, which, thereafter, filed suit against DesignScape. After a lengthy pretrial period, on the day scheduled for trial, neither a representative of DesignScape nor its legal counsel appeared. Accordingly, the district court entered a default judgment against DesignScape and allowed Bonneville to proffer evidence to justify the amount of damages to be awarded.[1] *See generally* Utah R. Civ. P. 55(b)(2). DesignScape subsequently filed a rule 60(b) motion, which the district court denied. *See generally id.* R. 60(b) (describing circumstances when a judgment may be set aside). DesignScape's first

appeal to this court addressed three of the district court's decisions: its denial of DesignScape's rule 60(b) motion, the May 20, 2008 default judgment order, and a signed minute entry. *See Bonneville Billing and Collections v. Designscape, LLC,* 2009 UT App 239U, para. 1, 2009 WL 2624118 (mem.) (per curiam). This court dismissed DesignScape's appeal on three separate grounds. *See id.* para. 5. First, we determined that we lacked jurisdiction over the district court's ruling on DesignScape's rule 60(b) motion because DesignScape had not timely filed its appeal. *See id.* para. 2. Second, we determined that the default judgment order was not a final judgment because it did not contain the amount of the attorney fee award. *See id.* para. 4. Third, we ruled that the signed minute entry was not a final order because it directed Bonneville to prepare a final order. *See id.* para. 3. At the conclusion of the appeal and after the district court denied DesignScape's additional motion to set aside the default judgment, the district court entered a final judgment from which DesignScape now appeals.

¶ 3 First, DesignScape argues on appeal that the district court did not enter adequate findings of fact and conclusions of law as required by rules 52, 54, and 55 of the Utah Rules of Civil Procedure. However, DesignScape failed to preserve these issues. To properly preserve for appeal a challenge to the adequacy of the district court's findings, DesignScape was required to notify the district court of the alleged inadequacies. *See In re K.F.,* 2009 UT 4, ¶ 61, 201 P.3d 985 ("[I]t is . . . necessary for a party to challenge and thus afford the trial court 'an opportunity to correct the alleged error' of inadequately detailed findings in order to

---

1. The transcript of this proceeding is not entirely clear as to whether the district court granted a default judgment in Bonneville's favor and took evidence on damages or held a trial in absentia. However, although DesignScape characterizes the district court's actions during the proceeding as a trial in absentia, the court's actions appear to be more consistent with entering a default judgment based on DesignScape's nonappearance and allowing Bonneville to proffer evidence justifying an award of damages. *See* Utah R. Civ. P. 55(b)(2) (outlining default judgment rules and stating that, if necessary, a court can con-

duct a hearing "to determine the amount of damages or to establish the truth of any averment by evidence"). In fact, our supreme court has advised that before a district court enters a default damage award for unliquidated damages, "usually . . . a hearing must be held so that the plaintiff can provide evidentiary support for the award of damages." *Skanchy v. Calcados Ortope SA,* 952 P.2d 1071, 1076 (Utah 1998); *see also Cadlerock Joint Venture II, LP v. Envelope Packaging of Utah, Inc.,* 2011 UT App 98, ¶ 10, 251 P.3d 837.

provide for meaningful appellate review of the court's decision." (quoting *438 Main St. v. Easy Heat*, 2004 UT 72, ¶ 56, 99 P.3d 801)). DesignScape's brief does not include any record citation demonstrating that it properly raised its inadequacy issues before the district court. *See* Utah R.App. P. 24(a)(5)(A). Likewise, our review of the record does not reveal where DesignScape properly preserved these issues.

¶ 4 Furthermore, even if DesignScape had properly preserved these arguments, it inadequately briefs them. *See generally id.* R. 24(a)(9). The four sentences DesignScape devotes to the district court's alleged failures are only conclusory statements that lack both legal and factual support or argument. *See id.; see also Allen v. Friel*, 2008 UT 56, ¶ 9, 194 P.3d 903 ("[The supreme] court has repeatedly noted that a brief is inadequate if 'it merely contains bald citations to authority [without] development of that authority and reasoned analysis based on that authority.' An appellate court is not 'a depository in which [a party] may dump the burden of argument and research.' " (second and third alterations in original) (quoting *Smith v. Four Corners Mental Health Ctr., Inc.*, 2003 UT 23, ¶ 46, 70 P.3d 904)). Additionally, DesignScape's argument misstates the plain language of rule 52 by stating that it requires "a court [to] enter findings of fact and conclusions of law in all actions," when, in fact, rule 52 does not require the court to render findings and conclusions when it enters "default or [the party] fail[s] to appear at the trial,"[2] Utah R. Civ. P. 52(c)(1). And finally, DesignScape does not include this issue in its summary of arguments. *See* Utah R.App. P. 24(a)(8) ("The summary of arguments, suitably paragraphed, shall be a succinct condensation of the arguments actually made in the body of the brief."). Thus, because DesignScape improperly preserved and inadequately briefs these issues, we do not address their merits.

¶ 5 Second, DesignScape claims that the district court erred in granting its original motion to set aside judgment because it was improperly conditioned upon DesignScape paying Bonneville's attorney fees. However, DesignScape forfeited any challenge to the original motion to set aside judgment when it did not timely appeal that final ruling, as this court has previously determined. *See Bonneville*, 2009 UT App 239U, paras. 2, 5; *see also* Utah R.App. P. 4(a); *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616.

¶ 6 Third, DesignScape argues that the district court erred in converting a "Blue Stakes"[3] claim into a negligence claim. Once again, DesignScape fails to include a record citation indicating where it made this argument to the district court in order to properly preserve it for appeal. *See* Utah R.App. P. 24(a)(5)(A). Moreover, DesignScape inadequately briefs the issue by failing to include any explanation or legal analysis as to why Bonneville's claim was a "Blue Stakes" claim rather than a simple negligence claim as pleaded in Bonneville's complaint. *See id.* R. 24(a)(9); *Allen*, 2008 UT 56, ¶ 9, 194 P.3d 903. Additionally, DesignScape's argument begins by stating, "Clearly this argument is not central to this case, although the undersign [sic] counsel felt it important to bring to this Court's attention that, while neither party requested [the district court] to change the basis of the lawsuit, [it] did so in [its] ruling and order of March 12, 2010." DesignScape's introduction to this issue suggests that we issue an advisory opinion because by its own admission "this argument is not central to this case" and, thus, is unlikely to affect the outcome for these parties. *See Provo City Corp. v. Thompson*, 2004 UT 14, ¶ 22, 86 P.3d 735 ("[The supreme court] ha[s] observed on many occasions that [it] is not inclined 'to issue mere advisory opinions.' " (quoting *Miller v. Weaver*, 2003 UT 12, ¶ 26, 66 P.3d 592)); *Lyon v. Bateman*, 119 Utah 434, 228

---

2. Even if we had analyzed the order as one that resulted in a trial in absentia, *see supra* note 1, rule 52 does not require the court to enter findings or conclusions when the party "fail[ed] to appear at the trial," *see* Utah R. Civ. P. 52(c)(1), as was the case here.

3. DesignScape uses this term throughout its briefs but defines it only as a claim under Title 54, Chapter 8a of the Utah Code.

P.2d 818, 820 (1951) ("[C]ourts ... must operate within the constitutional and statutory powers and duties imposed upon them. They are not supposed to be a forum for hearing academic contentions or rendering advisory opinions."). Therefore, we do not address the merits of this issue.

■ ¶ 7 Finally, DesignScape argues that the district court lacked jurisdiction. First, DesignScape argues that because an assignee, such as Bonneville, may not bring a "Blue Stakes" claim, Bonneville's lack of standing deprived the district court of its jurisdiction. Although DesignScape characterizes this action as a "Blue Stakes" claim, the district court seemed to correctly recognize that Bonneville filed a negligence claim, which can be brought by an assignee. However, even if we treated it as a "Blue Stakes" claim, DesignScape fails to adequately brief this issue. DesignScape does not provide a record citation to where this claim was properly preserved for appeal. See Utah R.App. P. 24(a)(5)(A). DesignScape also provides no legal citation to support its argument that "[i]n the absence of plain language permitting claims under Title 54 to be assigned, they cannot be." See id. R. 24(a)(9); Allen, 2008 UT 56, ¶ 9, 194 P.3d 903. Furthermore, DesignScape relies on Utah Code section 54–8a–12, which was not in effect at the time Bonneville filed its complaint, see Utah Code Ann. § 54–8a–12 history (2010) (stating that this section of the statute "became effective on May 5, 2008"), and does not explain why we should retroactively apply the statute. See Allen, 2008 UT 56, ¶ 9, 194 P.3d 903. Additionally, DesignScape misstates the statute's plain language when it argues that "[t]he statute is completely silent as to any assignment of claims." [4]

■ ¶ 8 DesignScape also argues that the district court lacked jurisdiction because "the Complaint did not plead or aver the essential elements required by Chapter 8a." Once again, DesignScape inadequately briefs this issue. Other than conclusory statements and a list of three facts that DesignScape claims were not properly pleaded, DesignScape fails to explain how an improperly pleaded complaint deprived the district court of jurisdiction. See id. Furthermore, jurisdiction aside, DesignScape points to no requirement in the statute that the claim be specifically pleaded nor does it explain how Bonneville's complaint, while not containing the three facts DesignScape points out, was not properly pleaded under rule 8 of the Utah Rules of Civil Procedure. See Utah R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."). Because DesignScape inadequately briefs this issue and it appears to

---

4. Utah Code section 54–8a–12(1) states,

The attorney general may bring an action in the district court ... to enforce this chapter. The right of any person to bring a civil action for damage arising from an excavator's or operator's actions or conduct relating to underground facilities is not affected by: (i) a proceeding commenced by the attorney general ...; or (ii) the imposition of a civil penalty.... If the attorney general does not bring an action under Subsection (1)(a), the *operator* or excavator may pursue *any remedy*, including a civil penalty.

Utah Code Ann. § 54–8a–12(1) (2010) (emphases added). "Operator" is defined as "a *person* who owns, operates, or maintains an underground facility." *Id.* § 54–8a–2(10)(a) (emphasis added). And the statutory definition of "person" includes an assignee. *See id.* § 54–8a–2(11)(b). Clearly, the statute supports an assignee's standing to bring a claim, and Bonneville's complaint clearly .

stated it was "bring[ing] this action on behalf of [its] assignor, PACIFICORP."

Even under the statute in effect at the time Bonneville filed its complaint, which did not include section 54–8a–12, we reach the same conclusion. The only cause of action contemplated by that statute was one for a civil penalty. *See id.* § 54–8a–8 (2000). However, section 54–8a–8, like the current section 54–8a–12, allowed an assignee to bring the claim for a civil penalty. *See id.* § 54–8a–8(2)(a) (stating that an "operator" can bring a claim for a civil penalty); *id.* § 54–8a–2(7)(a) (defining "operator" as "a *person* or entity which owns, operates, or maintains underground facilities" (emphasis added)); *id.* § 54–8a–2(8) (defining "person" to include assignees). Furthermore, the statute in effect when Bonneville filed its complaint addressed only the civil penalty and clearly did not limit the standing of an assignee to file a negligence claim.

lack any merit, we do not address it.[5]

¶ 9 Affirmed.

¶ 10 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and WILLIAM A. THORNE JR., Judge.

---

5. We do not address DesignScape's additional argument that the district court violated DesignScape's due process rights when the district court conducted a trial in absentia because De- signScape inadequately briefs this issue and only mentions it, without any legal or factual analysis, in its statement of issues. *See* Utah R.App. P. 24(a)(9).