293 P.2d 416

REMINGTON–RAND, Inc., a corp.,
Plaintiff and Respondent,

v.

Thurman E. O'NEIL and Lois S. Machado, d/b/a A–I Typewriter Co., Defendants,

Dale E. Grant and Utah Cash Register Exchange, Inc., a corporation, Appellants and Garnishee Defendants.
No. 8379.

Supreme Court of Utah.
Feb. 15, 1956.

Joseph Y. Larsen, Jr., Salt Lake City, for appellants and garnishee defendants.

Glen E. Fuller, Salt Lake City, for defendants.

Skeen, Thurman, Worsley & Snow, Salt Lake City, for respondent.

WADE, Justice.

Remington-Rand, Inc., plaintiff and respondent herein, having obtained a judgment against Thurman E. O'Neil served garnishments upon Dale E. Grant and the Utah Cash Register Exchange, Inc., appellants herein. Appellants' answers to the garnishments denied any indebtedness by either to O'Neil, but admitted having in their possession some property belonging to him and upon which there appeared to be a lien claim by a third party. Respondents being dissatisfied with these answers, mailed to appellants a notice which stated that it would call up in the law and motion division of the court a hearing "to determine the indebtedness, if any, due Thurman E. O'Neil by the garnishees." Two days before the hearing Dale E. Grant was subpoenaed to appear as a witness therein. Dale E. Grant is the president and principal stockholder of the Utah Cash Register Exchange, Inc., the other garnishee. In compliance with the subpoena he, with his attorney, appeared at the hearing, testified, and cross-examined the other witnesses. At the conclusion of the hearing the court granted a judgment against the garnishees for an indebtedness it found due from them to Thurman E. O'Neil, the judgment debtor.

Appellants contend that the court erred in granting the judgment because no "Reply to Answer of Garnishees" had been served on them in accordance with the provisions of Rule 64D (h) U.R.C.P., and when they attended the hearing they did not realize that the hearing was on a "Reply to Answer of Garnishee" and were not prepared to meet any allegations therein. Although a "Reply to Answer of Garnishee" was filed and it was admitted that it was actually served on Thurman E. O'Neil, there was no proof, nor was any offered, that such service was made on the garnishees herein, nor was there any evidence that they had any knowledge of it or its contents before the hearing.

Rule 64D (h), U.R.C.P., provides:

"If the garnishee answers, the plaintiff may, within 10 days after the expiration of the time allowed for the filing of such answer, *serve* upon the garnishee and file a reply to the whole or any part thereof; and may also allege any matters which would charge the garnishee with liability. Such new matter in the reply shall be taken as denied or avoided, and the matter thus at issue shall be tried in the same manner as other issues of like nature. Judgment shall be entered upon the verdict or finding the same as if the garnishee had answered according to such verdict or finding. * * *" (Emphasis ours.)

Rule 5(b) (1) U.R.C.P., provides that when service is required under these rules, it may be made by handing or mailing a copy to the attorney of record or the party. "Service by mail is complete upon mailing." If any service had been made in accordance with this rule, it would have been a simple matter to make proof of such service either by the affidavit of the person so making the service or by testimony to that effect by the person who made the service. No such proof was made in the instant case. The fact that garnishees participated in the proceedings is no indication that they were aware of the true nature of the proceeding. The very purpose of the rule requiring service of an "Reply to Answer of Garnishee" which can set forth new matter charging a garnishee with liability is to avoid such a situation as occurred in the instant case. The fact that the "Notice" of the proceedings received by garnishees told them that there would be an attempt to determine whether they were indebted to O'Neil, was not sufficient to apprise them of the facts that respondent would try to prove that there was a partnership agreement between O'Neil and the garnishees or that they owed him a large sum of money as the result of an agreement by O'Neil to transfer to either Grant or the corporate garnishee a stock of merchandise, or that respondent claimed that the corporate garnishee was the alter ego of Dale E. Grant. The court's announcing at the beginning of the proceeding that respondent was seeking to hold the individual granishee as well as the corporate garnishee was also insufficient to apprise them of the issues involved. As has been stated by Mr. Justice Crockett in National Farmers Union Property & Cas. Co. v. Thompson, 4 Utah 2d 7, 286 P.2d 249, on page 253 of the Pacific Report:

"Notwithstanding all of our efforts to eliminate technicalities and liberalize procedure, we must not lose sight of the cardinal principle that under our system of justice, if an issue is to be tried and a party's rights concluded with respect thereto, he must have notice thereof and an opportunity to meet it."

Unless a party knows what the actual issues are, even though he participates in a proceeding and cross-examines witnesses,

it cannot be said with assurance that he has had an opportunity to meet the issues, unless it is clear that he knows what they are, and that cannot be clear in the absence of proof that the party was actually apprised of issues involved. The court, therefore, erred in granting the judgment against the garnishees herein.

Reversed. Costs to appellants.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.