309 P.2d 368

REMINGTON RAND, Inc., a corporation, Plaintiff and Appellant,

v.

Thurman E. O'NEIL and Lois S. Machado, d/b/a A-I Typewriter Company, Defendants,

Dale E. Grant and Utah Cash Register Exchange, Inc., a corporation, Garnishee Defendants and Respondents.

No. 8598.

Supreme Court of Utah.
April 10, 1957.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for appellant.

Glen E. Fuller, Salt Lake City, for respondents.

WADE, Justice.

This case was here before on an appeal from a judgment of $3,600 against the garnishees, Dale E. Grant and the Utah Cash Register Exchange, Inc., respondents on this appeal.[1] The judgment was in favor of the defendant, O'Neil, for the

1. See Remington Rand, Inc., v. O'Neil, 4 Utah 2d 270, 293 P.2d 416.

benefit of the plaintiff, Remington Rand, Inc., who is the appellant here. In the main action plaintiff recovered a judgment against defendant for $4,243.82. Plaintiff served a garnishment on the garnishee who answered denying any indebtedness to defendant but admitted having some property of defendants in their possession.

To this answer plaintiff filed a reply alleging that the garnishees were indebted to the defendants under a partnership arrangement in the sum of $3,600. On the previous appeal the garnishees claimed that the reply was not served on them prior to the hearing thereon, and that they learned of it for the first time at the hearing which garnishee, Grant, attended in compliance with a subpoena. We reversed the former judgment because the record failed to show service of the reply on the garnishees. We there held that the record failed to show that the garnishees had been afforded a fair opportunity to prepare to meet the issues presented by the reply to the garnishees' answers to the interrogatories.

After our previous decision plaintiff petitioned for a rehearing in which it offered to prove that the reply to the garnishment had been served in time on the garnishees before the hearing in the original trial. We denied that petition because that issue had not been determined by the trial court. After the remand, the offer was renewed and rejected by the trial court. Thereafter, the trial court refused to allow plaintiff leave to file and serve on the garnishees an amended reply to their answers to the interrogatories in the original garnishment. Whereupon plaintiff served another garnishment on the garnishees. The garnishees' answers to the interrogatories in the second garnishment were substantially the same as their answers in the original garnishment, and the plaintiffs filed and served a reply to such answers which contained substantially the same allegations as the original reply contained. Upon a showing by answers to interrogatories that this garnishment and the reply thereto were based on the same transactions claimed in the reply to the answers in the original garnishment, the trial court granted the garnishees' motion for a summary judgment. Plaintiff brings this appeal from that judgment.

The garnishees first contend that although our former decision is not res adjudicata of the issues raised by the reply to their answers, still, since garnishment proceedings are in derogation of the common law, the provisions of the statutes and rules of procedure must be strictly con-

strued against those claiming rights thereunder. They also contend that such construction requires a judgment in their favor.

The garnishees point out that Rule 64D (g) of the Utah Rules of Civil Procedure requires the garnishee to file a verified answer to the interrogatories and provides that "the garnishee shall be relieved from further liability in the proceedings, unless his answer shall be successfully controverted as hereinafter provided." They argue that in view of our previous decision their answers were not successfully controverted and so this provision relieves them from further liability.

They also point out that Rule 64D(h) provides that in order to successfully controvert their answers to the interrogatories "plaintiff may, within 10 days after the expiration of the time allowed for the filing of such answer, serve upon the garnishee and file a reply to the whole or any part thereof". They further point out that Rule 64D(i) provides that if "plaintiff fails to reply to the answer of the garnishee, he shall be deemed to have accepted it as correct, and judgment may be entered thereon." They contend that plaintiff having failed to serve its reply on them within the time required, even though such reply was timely filed, it is deemed to have accepted their answers to the interrogatories as correct, and they are entitled to a judgment to that effect.

■ The argument that the provisions of the statutes and the rules governing procedure in garnishment are to be strictly construed are directly contrary to the express provisions of our statutes and our Rule of Civil Procedure.

Section 68–3–2, U.C.A.1953 provides:

"The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the statutes of this state. The statutes establish the laws of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and to promote justice. * * *"

Rule 1(a) of U.R.C.P. provides that such rules "shall be liberally construed to secure the just, speedy, and inexpensive determination of every action." A liberal construction of these rules and statutory provisions with the object of promoting justice requires that both sides to this controversy have a fair opportunity to present their claims on their merits. Otherwise, the main purposes of our courts of justice and our judicial system will be defeated.

[2] The rules of procedure do not expressly cover this situation. Rule 64D(g)

providing that the garnishee shall be relieved from further liabilities unless his answer shall be successfully controverted contemplates a fair hearing to both sides of the controversy. Here on the first appeal we reversed the judgment to allow the garnishees a fair opportunity to present their defense to plaintiff's claim, but on the remand the trial court refused to allow any further hearing on that issue. Under such circumstances the provisions of that rule do not have the effect of relieving the garnishees from further liability under the issues raised by the reply because such issues have never been determined. The plaintiff has been denied the opportunity to make proof that the original reply was timely served on the garnishees; he has also been denied the opportunity to file an amended reply and has been denied a hearing on the issues made by a second reply on the second garnishment. Fair play requires that he be given at least one of these opportunities. Our previous decision did not contemplate a foreclosure of plaintiff from such opportunities, nor do the provisions of Rule 64D(g) require such denial under the circumstances here presented.

■ The provisions of Rule 64D(h) and (i) do not contemplate that under the facts disclosed plaintiff should be denied a fair opportunity to present its side of the issues raised by the reply. Plaintiff failed to make proof prior to the previous appeal that the garnishees had been timely served with the plaintiff's reply to the garnishees' answer to the questions in the original garnishment. We reversed the first judgment in plaintiff's favor on the grounds that without such showing, and in view of the garnishees' claim that the garnishee Grant went into court under subpoena without knowing of the reply, there was no showing that the garnishees had been afforded a fair opportunity to present a defense to such reply. Subdivision (h) of the above rule requires both the filing and service upon the garnishees of such reply. Subdivision (i) of such rule provides that if "the plaintiff fails to reply" he accepts the answer of the garnishee as correct. Assuming that the first reply was only filed and not served on the garnishees, still plaintiff has not failed to "reply" to such answer and should not be deprived of a hearing on the issue presented by such reply. Nothing less than that can satisfy the requirement of a liberal construction of these rules in the interest of justice, and we hold that both parties to this proceeding are entitled to such a hearing.

■ Garnishees' second argument is that by taking a judgment for the property belonging to the defendant which the garnishees admitted by their answer they had in their possession, the plaintiff is precluded from taking further action.

There is nothing inconsistent in plaintiffs' taking such judgment, which the garnishees admit plaintiff is entitled to, and plaintiff's contention that it is also entitled to an additional recovery under the reply. So we find no merit to this contention.

Garnishees' last contention that this is a jurisdictional question and therefore plaintiff is precluded from recovery is also without merit. Clearly the court had jurisdiction of the subject matter and the parties to this litigation and so no jurisdictional question is here presented. The case of Glenn v. Ferrell, 1956, 5 Utah 2d 439, 304 P.2d 380, relied on by garnishees did present a jurisdictional question, but it has no similarity to this case. Even if the court failed to obtain jurisdiction of the issues raised by the reply, that would not preclude the second garnishment proceeding. Such lack of jurisdiction in the first garnishment would have the effect of nullifying that proceeding, but would not preclude another garnishment. So we conclude that plaintiff is entitled to a hearing on the merits of the issues presented by its reply in the second garnishment proceedings, and the judgment of the trial court is reversed and the case remanded to the trial court with directions to hear such issues on their merits and render judgment thereon. Costs to plaintiff.

McDONOUGH, C. J., and CROCKETT, WORTHEN and HENRIOD, JJ., concur