J. P. W. ENTERPRISES, INC., an Arizona Corporation, Plaintiff and Respondent,

v.

Daniel W. NAEF, Barry L. Naef, Individuals, and Daniel W. Naef and Barry L. Naef, a partnership, Defendants and Appellants.

Stanley Patrick HATTIE, and Hoyt Frank Kelley, Plaintiffs,

v.

J. P. W. ENTERPRISES, INC., J. P. Whiskeman, and J. Peter Whiskeman III, Defendants.

J. Peter WHISKEMAN III, Defendant and Third-Party Plaintiff and Respondent,

v.

Daniel W. NAEF, an Individual, Barry L. Naef, an Individual, and Daniel W. Naef and Barry L. Naef, a partnership, Third-Party Defendants and Appellants.

Nos. 16110, 16112.

Supreme Court of Utah.

Dec. 5, 1979.

P. Keith Nelson of Richards, Brandt, Miller, Nelson & Zarr, Salt Lake City, for defendants and appellants.

Stanford B. Owen of Fabian & Clendenin, Salt Lake City, for plaintiff and respondent.

WINDER, District Judge:

Defendant Barry Naef appeals from an Order denying his motions to set aside two default judgments entered against him and in favor of Plaintiffs J.P.W. Enterprises, Inc., J. P. Whiskeman, and J. Peter Whiskeman III.

In 1975, Defendants Naef executed a purchase agreement with Plaintiffs Whiskeman by which they agreed to purchase Whiskemans' laundromat and dry cleaning business in Kearns, Utah. Under the terms of the agreement, Defendants Naef agreed to assume Whiskemans' lease obligations to Plaintiffs Hattie and Kelley as well as Whiskemans' loan obligations on the laundry and dry cleaning equipment to Commercial Security Bank. When Naefs defaulted on the lease payments, Hattie and Kelley brought suit against Whiskemans and J.P.W. Enterprises, Inc., who in turn filed a third-party complaint against Defendants Naef and their partnership alleging that Naefs were responsible for the lease payments under the purchase agreement. This was in action No. 16110 on this appeal. This third-party complaint was

successfully served upon Barry Naef and the partnership, but the attempted service on Daniel Naef was defective. Neither of the Naefs nor their partnership answered the third-party complaint, and on June 2, 1977, default judgment was entered against them in the amount of $11,360.00, plus $75.60 costs. Notice of this default judgment was mailed to each defendant in June, 1977. Third-Party Plaintiffs Whiskeman were unable to question Barry Naef pursuant to Court order concerning his property because he had moved and the process server was unable to locate him, and an order to show cause was subsequently issued.

On August 18, 1977, Third-Party Plaintiffs Whiskeman obtained a judgment by clerk on this default judgment in California, and notice of the entry of sister-state judgment was served upon all defendants. The notice contained the following language:

A WRIT OF EXECUTION MAY HAVE BEEN ISSUED AGAINST YOU. UNLESS YOU FILE THIS WITH THIS COURT, A MOTION TO VACATE THIS JUDGMENT WITHIN 30 DAYS AFTER SERVICE UPON YOU OF THIS NOTICE, THIS COURT MAY ORDER THAT A WRIT OF EXECUTION MAY ISSUE OR WRIT OF EXECUTION WHICH HAS BEEN ISSUED REMAIN IN EFFECT, ORDER THE SALE OF PERISHABLE PROPERTY, AND ORDER THE LEVYING OFFICER TO RETAIN PHYSICAL POSSESSION OF ANY OF YOUR PROPERTY IN HIS POSSESSION AND TO MAINTAIN A LEVY OF ANY PROPERTY NOT IN HIS PHYSICAL POSSESSION.

No motion to vacate the judgment was made within the 30-day period.

After Barry Naef was served with the third-party complaint, he contacted an attorney regarding the lawsuit. The affidavit of the attorney discloses that Barry Naef did not retain him; however, Barry states in his affidavit that he believed the attorney was representing him.

On July 7, 1977, J.P.W. Enterprises filed an action against Daniel and Barry Naef and their partnership alleging breach of the sales agreement, injury to trade name, waste, and other damages. This was in action No. 16112 on this appeal. Barry Naef accepted service on July 27, 1977, in the office of Plaintiff J.P.W.'s attorney but the service attempted on Daniel in California was again defective. Defendants Naef failed to answer this complaint, and default judgment was entered against them on August 30, 1977, in the amount of $102,102.77. Notice of entry of judgment was mailed to all defendants in August, 1977.

On November 22, 1977, Plaintiff J.P.W. Enterprises obtained a judgment by clerk in California on this second default judgment, and notice of the judgment by clerk was again served upon defendants. Again, no motion to vacate the judgment was filed within the 30-day period.

Pursuant to writs of execution issued in California in February, 1978, Plaintiff J.P.W. attempted to levy on defendants' assets. On March 6, 1978, defendants took action to restrain execution on the judgments in California, and on March 28, 1978, they filed a joint motion in the District Court for Salt Lake County to vacate the two default judgments in Utah entered against them. On October 3, 1978, the District Court vacated both default judgments against Daniel Naef and denied the motion to vacate the judgments against Barry Naef. From that denial, Barry Naef appeals.

Defendant Barry Naef raises only one argument on appeal supporting his position that the default judgments should be vacated. He urges this Court to view the refusal of the District Court to set aside the judgments as an abuse of discretion under Rule 60(b)(7), Utah Rules of Civil Procedure. That rule, in pertinent part states:

On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (7) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4),

not more than three months after the judgment, order, or proceeding was entered or taken.

We note that some of defendant's allegations might fall under Rule 60(b)(1) under which relief from default may be granted for "mistake, inadvertence, surprise, or excusable neglect." However, defendant did not file his motion within three months after entry of the judgment, as provided by the rule, and was therefore relegated to seeking relief, which the District Court did not grant, under Rule 60(b)(7), "for any other reason justifying relief from the operation of the judgment."

In *Pitts v. Pine Meadows Ranch, Inc.,*[1] a case similar to this case, the Court stated:

> [I]t is largely within the discretion of the District Court to set aside a default judgment, and while we have held that its discretion should be exercised liberally in favor of the defaulting party in order to provide him his day in court, we do not reverse the District Court's determination unless it has clearly abused that discretion. The interests of the plaintiffs should also be taken into consideration, and the judgment should not be set aside if to do so would work an injustice or inequity to them.[2]

In his affidavits, Barry Naef states that he did not answer the complaints because he was very naive with respect to the legal process, was working 20 or more hours per day and did not have time to follow up on the matters, was mistaken in his belief that the second complaint served on him was simply another paper related to the first action filed against him, and was mistaken in his belief that he had hired an attorney to represent him. He admitted that he had discussed the third-party complaint with an attorney but that he had neglected to deliver necessary documents, including the complaint, to the attorney and that he had

never paid the retainer they had discussed. Barry Naef took no further action on either case until the attempted levy on his assets.

Under these facts, we do not agree that the District Court abused its discretion, in refusing to set aside the defaults against Barry Naef, although there was no evidence to support the amounts of damages in the judgments entered pursuant to those defaults. In *Pitts v. Pine Meadows Ranch, Inc., supra,* which interpreted the application of Rule 55(b)(2)[3] to a similar fact situation, the Court remanded for a determination of damages to be entered as the judgment amount, while affirming the default.

Consistent with the rule announced in *Pitts,* we remand for an evidentiary hearing to determine the amount of damages to be entered as judgment pursuant to the defaults in the two cases. No costs awarded.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

HALL, J., having disqualified himself, does not participate herein.

---

1. Utah, 589 P.2d 767 (1978).

2. *Id.,* at 768-69.

3. Utah Rule 55(b)(2) provides:
   In all other cases the party entitled to a judgment by default shall apply to the court therefor. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.