**VALLEY LEASING, A DIVISION OF INTERMOUNTAIN LOAN CORPORATION, a Utah corporation, Plaintiff and Respondent,**

v.

**Richard W. HOUGHTON, Defendant and Appellant.**

No. 18259.

Supreme Court of Utah.

March 24, 1983.

Frank T. Mohlman, Tooele, for defendant and appellant.

Allen Sims, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

The issue presented by this appeal is the propriety of the trial court's denial of defendant's motion for relief from judgment brought pursuant to the provisions of Rule 60(b)(1) and (7), Utah Rules of Civil Procedure.

Defendant leased construction equipment from plaintiff in 1980, and gave a check for $2,984.43 for the first month's payment and deposit. The check was dishonored upon presentment; plaintiff repossessed the equipment three months later and then brought the subject action to recover damages for breach.

Plaintiff filed its complaint on September 19, 1980, which was answered by counsel for defendant, and trial was set for October 1, 1981. Counsel for defendant filed his withdrawal from the case on December 15, 1980,

and sent a copy thereof to defendant at his St. George address. His reason for withdrawal was nonpayment of a retainer. The trial date was stated in the notice of withdrawal.

On September 11, the court notified the parties to appear for pretrial and settlement conference on September 22, 1981. This notice was sent to defendant's former counsel. On September 16, 1981, plaintiff sent to defendant at his St. George address, notice to appoint new counsel or to appear in person.[1] Plaintiff appeared for pretrial, but no one appeared for defendant. On September 25, 1981, defendant's former counsel sent defendant a letter to his St. George address reiterating the fact of his withdrawal, that the trial was set for October 1, 1981, that he would not appear on defendant's behalf, and warning him to obtain counsel or appear on his own behalf at trial. Counsel also noted in the letter that defendant had not contacted him since their first conference, and that he had not answered his letters.

Defendant telephoned his wife in Salt Lake City on September 29, 1981, and asked her to see that the trial was postponed. She was advised by the clerk that the matter would not be continued. She appeared at trial on October 1, but the court would not allow her to represent defendant.

Plaintiff presented its evidence, and judgment was entered in its favor in the amount of $15,681.56, which was supported by written findings of fact and conclusions of law. New counsel for defendant filed the subject motion for relief from judgment, and upon the court's denial thereof, this appeal was taken.

■ On appeal, defendant treats the judgment as one taken by default,[2] his contention being that the court abused its discretion in refusing to set the judgment aside and in not rescheduling the case for trial. In support of his contention, he asserts that he exercised due diligence to protect his interests and demonstrated excusable neglect by having his wife present to represent him and that he was prepared to put on evidence in his defense through his wife.

■ Rule 60(b)(1), *supra*, authorizes the court to relieve a party from a judgment on a showing of excusable neglect, and such relief is to be liberally granted.[3] However, broad discretion is accorded the trial court in ruling on such matters.[4]

■ In the instant case, defendant had notice for nearly a year prior to trial that his counsel had withdrawn. Counsel had advised him to hire new counsel or to appear on his own behalf at trial, yet he saw fit to send his wife instead. He made no showing that he was in any way prevented from appearing at trial by circumstances over which he had no control. Mere inconvenience or the press of personal or business affairs is not deemed as an excuse for failure to appear at trial.[5]

The record supports the conclusion of the trial court that the defendant failed to exercise reasonable diligence in failing to appear at trial in person or by counsel and that his corresponding neglect was not excusable.

Affirmed. Costs to plaintiff.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

---

1. Pursuant to the provisions of U.C.A., 1953, § 78-51-36.

2. However, relief under Rule 60(b), Utah R.Civ.P., is not limited to default judgments.

3. *Mason v. Mason,* Utah, 597 P.2d 1322 (1979).

4. *Id.; see also Gardiner & Gardiner Builders v. Swapp,* Utah, 656 P.2d 429 (1982); *Airkem Intermountain, Inc. v. Parker,* 30 Utah 2d 65, 513 P.2d 429 (1973); *Warren v. Dixon Ranch Company,* 123 Utah 416, 260 P.2d 741 (1953).

5. *Peterson v. Crosier,* 29 Utah 235, 81 P. 860 (1905).