David RUSSELL and Eileen Russell,
Plaintiffs and Respondents,

v.

Sterling B. MARTELL, dba Martell Hold-
ing Company, Grant C. Mills, et al.,
Defendants and Appellants.

No. 18160.

Supreme Court of Utah.

Jan. 30, 1984.

Ralph J. Marsh, David B. Boyce, Salt Lake City, for defendants and appellants.

Earl D. Tanner, David Eccles Hardy, Salt Lake City, for plaintiffs and respondents.

HOWE, Justice:

Appellant Grant C. Mills seeks the reversal of the trial court's denial of his motion to set aside a default judgment which had been entered against him.

On July 7, 1981 Mills was served with a summons and a copy of the plaintiffs' complaint. When he did not file an answer in response, his default was entered by the court. After an ex parte hearing on a motion made by plaintiffs for judgment, judgment was granted for $63,200, attorney's fees of $5,000 and costs of the action. In December of 1981 Mills filed a motion to set aside the default judgment supported by affidavits. Plaintiffs, David Russell and Eileen Russell, also filed affidavits in opposition to the motion.

In his affidavit, Mills claimed to have sent his summons and copy of the complaint to his attorney to be handled by him. He was located in another city and was also representing other co-defendants in this case. The attorney, because of confusion in his office, failed to file an answer in Mills' behalf. After a writ of execution was issued against his property in November, Mills retained another attorney who filed the motion to set aside the judgment. Mills claimed that he had not taken action more quickly because he had relied upon representations of the clerk of the court who he telephoned that no judgment had been entered against him.

On the other hand, Mr. Russell swore that on July 15 Mills informed him that he intended to take no action on the summons and complaint. In an affidavit by Russell's attorney, he stated that on August 18 he informed Mills in a telephone conversation that a default judgment had been taken against him. Mills replied that he felt no legal obligation to Russell and did not feel motivated by the lawsuit to address Russell's claims. Neither of these statements was denied by Mills.

Upon review of the affidavits, the trial court denied Mills' motion to set aside the judgment. An order to stay the execution of Mills' property pending this appeal was entered thereafter.

I.

Mills' first point is that the trial court abused its discretion in refusing to set aside the default judgment. Rule 60(b) of Utah Rules of Civil Procedure, which provides for relief from a judgment, states in pertinent part:

On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertance, surprise, or excusable neglect;

... or (7) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for [reason] (1) ... not more than three months after the judgment, order, or proceeding was entered or taken.

Mills claims that the circumstances here do not fall within subparagraph (1), with whose three month time limitation he did not comply. Rather, he argues, the judgment should have been set aside under subparagraph (7) since despite his diligence he failed to timely answer the complaint.

 Broad discretion is accorded the trial court in ruling on relief from a judgment; and, this Court will reverse that ruling only if it is clear the trial court abused its discretion. *Valley Leasing v.*

*Houghton,* Utah, 661 P.2d 959 (1983); *Heath v. Mower,* Utah, 597 P.2d 855 (1979); *Airkem Intermountain, Inc. v. Parker,* 30 Utah 2d 65, 513 P.2d 429 (1973).

■ We have held that subparagraph 7 may not be resorted to for relief when the ground asserted for relief falls within subparagraph 1. *Pitts v. McLachlan,* Utah, 567 P.2d 171 (1977); *Calder Bros. Co. v. Anderson,* Utah, 652 P.2d 922 (1982); *Laub v. South Central Telephone Ass'n,* Utah, 657 P.2d 1304 (1982); *Gardiner & Gardiner Builders v. Swapp,* Utah, 656 P.2d 429 (1982). Otherwise, the three month limitation imposed on relief under subparagraph 1 is averted.

■ However, even assuming that subparagraph 7 is available to Mills, his undenied statements that he felt no legal obligation to respond to the plaintiffs' claims support the trial court's denial of his motion. Those statements evince a complete indifference by him and negate any diligence on his part in pursuing the opportunity to defend. Further, any neglect by Mills' attorney is attributable to Mills through principles of agency. *Gardiner & Gardiner Builders v. Swapp,* supra. We find under these facts no abuse of discretion by the trial court in denying relief from the judgment.

## II.

■ Although we will not disturb the default of Mills, we do hold under the authority of *Pitts v. Pine Meadow Ranch, Inc.,* Utah, 589 P.2d 767 (1978), and *J.P.W. Enterprises, Inc. v. Naef,* Utah, 604 P.2d 486 (1979), that the judgment against Mills must be reversed because of the failure of the trial court to follow Rule 55(b)(2) of the Utah Rules of Civil Procedure. Rule 54(c)(2) and Rule 55 prescribes the procedure to be followed by trial courts in entering judgments against defaulting parties. Courts are not at liberty to deviate from those rules just because one party is in default and is not entitled to be heard on the merits of the case. For example, Rule 54(c)(2) provides that a judgment by default may not be different in kind from or exceed in amount that specifically prayed for in the demand for judgment. See *Hayes v. Towles,* 95 Idaho 208, 506 P.2d 105 (1973). Another rule governing the entry of default judgments is Rule 55(b)(2), which is applicable in the instant case. It provides that when the plaintiff's claim is for other than a sum certain or an amount that by computation can be made certain judgment by default may not be entered by the clerk of the court, but must be entered by the court, which may conduct such hearings and take such evidence as is necessary to determine the damages. In the instant case, plaintiffs seek damages under U.C.A., 1953, § 61-1-22(1)(b), part of the Utah Uniform Securities Act, which provides that an aggrieved party may

> [R]ecover the consideration paid for the security, together with interest at 8% per year from the date of payment, costs, and reasonable attorney's fees, less the amount of any income received on the security, upon the tender of the security or for damages if he no longer owns the security.

According to the plaintiffs' complaint, Mills acted as a securities agent without having been registered, and he made untrue representations to the plaintiffs concerning the security pledged to secure the note in violation of our Securities Act. The promissory note that he sold the plaintiffs was for $48,000 principal. It was due in six months at which time $7,200 in interest would accrue, making a total of $55,200 due. However, it is not alleged in the complaint that $48,000 was paid for the note and under the statute plaintiffs are limited to the recovery of the consideration paid for the security. That being the case, the plaintiffs' claims for damages against Mills were not for sums certain and under Rule 55(b)(2) a hearing should have been conducted by the trial court to ascertain the amount of the damages to which the plaintiffs were entitled. Furthermore, under § 61-1-22(1)(b), evidence should have been adduced as to the amount of income, if any, the plaintiffs had received on the security (which Mills claims was $16,800) so that it

could be deducted in the calculation of the plaintiffs' damages. Although it appears that a hearing was held, it dealt only with the reasonableness of the attorney's fees to be awarded the plaintiffs.

The judgment below is reversed on this point, and the case is remanded to the trial court for further proceedings in conformity with this opinion. No costs on appeal are awarded.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.