2004 UT 40

**PANGEA TECHNOLOGIES, INC.,**
**Plaintiff and Appellee,**

v.

**INTERNET PROMOTIONS,**
**INC., Defendant.**

**Zions First National Bank, Garnishee**
**and Appellant.**

**No. 20020445.**

Supreme Court of Utah.

May 18, 2004.

Craig A. Hoggan, Salt Lake City, for plaintiff.

David M. McGrath, Robert A. Goodman, Salt Lake City, for garnishee.

NEHRING, Justice:

¶ 1 This appeal presents us with the question of whether a garnishee is entitled to a hearing after the plaintiff in the principal case replies to the garnishee's answers to interrogatories and seeks to have the garnishee held liable to the plaintiff for the property sought to be garnished. We reverse the district court's denial of a hearing to garnishee Zions First National Bank and vacate the judgment against Zions in favor of the plaintiff and judgment creditor in the principal action, Pangea Technologies, Inc.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Pangea obtained a judgment against Internet Promotions, Inc., for $65,641. Believing that Zions held money belonging to Internet Promotions, Pangea served Zions with a writ of garnishment. As authorized by rule 64D of the Utah Rules of Civil Procedure, the writ ordered Zions to hold all money in Internet Promotions' accounts up to the amount of the judgment and instructed Zions to answer interrogatories about funds held by the bank which belonged to Internet Promotions. Zions answered the interrogatories the next day, telling Pangea that $10,089 remained in Internet Promotions' account.

¶ 3 However, before Zions froze the funds, they were transferred to the personal account of Internet Promotions' president. After discovering this, Zions amended its interrogatory answers to disclose the transfer. Pangea responded by filing a reply to Zions' amended answers as permitted by Utah Rule of Civil Procedure 64D(i). Pangea asked the district court to charge Zions with liability for the amount of the transferred funds. Pangea also requested a hearing on the issue of Zions' liability.

¶ 4 The district court granted the judgment against Zions without conducting a hearing, finding that the money had been "improperly releas[ed]." Zions asked the district court to reconsider, citing language in rule 64D(i) which, it contended, mandated a hearing. The court denied Zions' motion and entered judgment against Zions for $10,089, the amount of the transferred money, and an additional $2,370.30 in attorney fees and costs. The district court did not disclose its reasons for awarding attorney fees. Zions appealed.

¶ 5 Zions' appeal is confined to the question of whether the district court erred when it declined to hear the merits of Pangea's claim that Zions was liable for the transferred money. We do not address whether Zions was, in fact, liable. So presented, Zions' appeal concerns an interpretation of a rule of procedure. This is a legal issue which we review anew without deference to the district court's interpretation. *Dipoma v. McPhie*, 2001 UT 61, ¶ 8, 29 P.3d 1225.[1]

## ANALYSIS

¶ 6 The seizure of property by garnishment is governed by rule 64D of the Utah Rules of Civil Procedure. Utah R. Civ. P. 64D(i). A garnishee is a stranger to the principal case and an involuntary participant in the garnishment proceeding. This structural circumstance imposes unique due process demands on garnishment procedures. The need for heightened sensitivity to due process is particularly evident where, as here, a plaintiff seeks to obtain a judgment from a garnishee. We conclude that rule 64D(i) requires that a garnishee be afforded a hearing before it can be found liable to a plaintiff and have a judgment entered against it.

¶ 7 Rule 64D(i) reads as follows:

*The plaintiff or defendant may, within 10 days after the service of any answers to interrogatories, file and serve upon the garnishee and the other party to the principal action a reply to the whole or any part thereof and may also allege any matters which would charge the garnishee with liability* except that all claims for exemptions to garnishment or non-ownership of property garnisheed shall be resolved under the procedures as otherwise provided for in Subdivision (h) herein. *Such new matter in reply shall be taken as denied and the matter thus at issue shall be tried in the same manner as other issues of like nature.* Judgment shall be entered upon the verdict or finding the

same as if the garnishee had answered according to such verdict or finding.

Utah R. Civ. P. 64D(i) (emphasis added).

¶ 8 Pangea defends the district court's determination that Zions was not entitled to a hearing on the grounds that its reply to Zions' amended interrogatories contained no "new matter" and thus did not trigger the need for a trial. We disagree. The "new matter" raised in Pangea's reply was its assertion that Zions was liable for the money transferred out of Internet Promotions' account. Pangea would have us narrowly read "new matter" to include only new facts. This interpretation would inevitably cause garnishees to be deprived of due process as guaranteed by article I, section 7 of the Utah Constitution. We long ago succinctly summarized the fundamental features of due process, observing that it "requires that notice be given to the person whose rights are to be affected. It hears before it condemns, proceeds upon inquiry, and renders judgment only after trial." *Riggins v. Dist. Court of Salt Lake County*, 89 Utah 183, 51 P.2d 645, 660 (1935) (internal quotation omitted).

¶ 9 Until Pangea claimed in its reply that Zions was liable, Zions was not placed on notice that Pangea was seeking a judgment against Zions. If Pangea's reply is to square with due process, its request to find Zions liable must be construed as a "new matter," thereby entitling Zions to a trial "in the same manner as other issues of like nature." Utah R. Civ. P. 64D(i).

¶ 10 We have previously held that a judgment may not be taken against a garnishee who has not been served with a reply to the garnishee interrogatories. *Remington Rand, Inc. v. O'Neil*, 4 Utah 2d 270, 293 P.2d 416, 417 (1956) (*Remington I*). When the *Remington I* litigants returned to this court a year later, we reiterated our commitment to the right of a garnishee to be heard before being at risk of having a judgment entered against it, stating, "the object of promoting justice requires that both sides to [the] controversy have a fair opportunity to present

---

1. Zions also challenges the district court's award of attorney fees to Pangea. Because we reverse the district court on the legal question presented, within which the issue of attorney fees is subsumed, we do not reach this question.

their claims on their merits. Otherwise, the main purposes of our courts of justice and our judicial system will be defeated." *Remington Rand, Inc. v. O'Neil,* 6 Utah 2d 182, 309 P.2d 368, 370 (1957) (*Remington II*).

¶ 11 The reasoning of *Remington II* remains sound today. Accordingly, the district court's issuance of a judgment against garnishee Zions, absent a hearing, violated Zions' due process rights. We therefore reverse the district court and remand for further proceedings consistent with this opinion.

¶ 12 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice WILKINS, and Justice PARRISH concur in Justice NEHRING's opinion.