2011 UT App 98

CADLEROCK JOINT VENTURE II, LP,
an Ohio limited partnership, assignee of
Cadleway Properties, Inc., assignee of
Merrill Lynch Business Financial Ser-
vices, Inc., Plaintiff and Appellee,

v.

ENVELOPE PACKAGING OF UTAH,
INC., a Utah corporation; and Fernando
Delgado, an individual, Defendants,

and

Michelex Corporation, a New Jersey
corporation, Garnishee Defendant
and Appellant.

No. 20090794–CA.

Court of Appeals of Utah.

March 24, 2011.

T. Richard Davis and Thomas B. Price, Salt Lake City, for Appellant.

Daniel J. Torkelson and Edward T. Vasquez, Salt Lake City, for Appellee.

Before Judges ORME, VOROS, and ROTH.

## OPINION

ROTH, Judge:

¶ 1 Michelex Corporation (Michelex) challenges the district court's denial of its motion to set aside the default order and judgment against it. We affirm the entry of default judgment but remand for an evidentiary hearing on the amount Michelex owed and for other proceedings consistent with this opinion.

## BACKGROUND

¶ 2 In the course of attempting to collect a default judgment against Envelope Packaging of Utah, Inc., and Fernando Delgado (collectively, Enpack) for $659,678.72 plus interest and fees (the 2003 judgment), Cadlerock Joint Venture II, LP (Cadlerock), became aware of information that suggested that Michelex, a New Jersey corporation, owed Enpack $775,000. Cadlerock served Michelex's registered agent in Salt Lake City with a writ of garnishment, which included fifteen interrogatories. In a cover sheet, the writ instructed Michelex to mail a copy of its written responses to Cadlerock, Enpack, and the Third District Court in Utah. Michelex maintains that, with the assistance of New York counsel, it timely responded to the interrogatories and returned its responses by mail to Cadlerock's counsel, though admittedly not to the district court or to Enpack.

¶ 3 Cadlerock contends that it never received those responses, and it therefore moved, pursuant to rule 64D(j)(2) of the Utah Rules of Civil Procedure, for an order to show cause, see Utah R. Civ. P. 64D(j)(2) (allowing a court to "order the garnishee to appear and show cause why the garnishee should not be ordered to pay"). The district court granted the motion, and an order to show cause was served upon Michelex. The order provided,

YOU ARE HEREBY ORDERED to appear personally or through legal counsel ... [to] show cause why the following should not be granted:

1. Michelex ... should not be held in contempt for its failure to respond to the Writ of Garnishment issued by this Court and served upon it.

2. Michelex should not be ordered to pay to [Cadlerock] the Judgment entered against [Enpack] ..., or an amount that this Court deems just, including, but not limited to, all amounts Michelex owes to [Enpack] ... up to the amount of the Judgment, and attorney fees and costs.

3. Such other relief as this Court deems fair and equitable.

Michelex did not appear before the district court or otherwise respond to the show cause order. Accordingly, the district court issued a $2500 bench warrant that ordered Michelex to appear for a scheduled hearing. The bench warrant did not describe the nature or the purpose of the hearing.

¶ 4 Michelex again ignored the district court's order and did not appear for the bench warrant hearing. Cadlerock, however, did appear and requested that the court enter default judgment against Michelex for the 2003 judgment. Cadlerock proffered the deposition testimony of one of Enpack's principals, Christopher Delgado, as evidence that Michelex owed Enpack $775,000 plus interest. Cadlerock also presented some corporate filings, which it contended were indicative of a merger between Enpack and Michelex. The district court granted Cadlerock's request.

¶ 5 Cadlerock mailed a copy of the proposed judgment to Michelex's registered agent in Utah on January 12, 2009. Upon receiving the proposed order and judgment in its New Jersey offices, Michelex retained a Utah attorney. It filed an objection in the district court on January 20, 2009, the first business day after it received the proposed order and judgment. In the meantime, the district court had signed the proposed order and default judgment, which ordered Michelex to pay Cadlerock

$803,031.31 plus postjudgment interest (the 2009 judgment). Instead of appealing the 2009 judgment, Michelex filed a motion to set it aside pursuant to rules 55(c) and 60(b) of the Utah Rules of Civil Procedure, *see* Utah R. Civ. P. 55(c) (permitting a default judgment to be set aside in accordance with rule 60(b)); *id.* R. 60(b) (setting forth the grounds for relieving a party from judgment); *see also Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 969 n. 20 (Utah Ct. App.1989) (observing that once a default judgment has been entered pursuant to rule 55, a district court may only relieve the party from it under rule 60(b)). The basis of Michelex's motion was that it did in fact answer and submit the interrogatories, that it did not owe Enpack any money, and that its New York counsel had advised that it did not have any obligation to respond to further notices. Michelex further asserted that it had not been afforded a hearing prior to the entry of the $803,031.31 judgment and requested that the default judgment be set aside on the grounds of excusable neglect. *See generally* Utah R. Civ. P. 60(b)(1) (allowing a trial court to set aside a judgment because of excusable neglect). In a minute entry, the district court denied that motion.[1] Michelex now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Michelex asserts that the denial of the rule 60(b) motion was an abuse of discretion. *See generally Lund v. Brown*, 2000 UT 75, ¶ 9, 11 P.3d 277 (stating that district courts have broad discretion in ruling on motions for relief from judgment); *State v. 736 N. Colo. St.*, 2004 UT App 232, ¶ 7, 95 P.3d 1211 ("A denial of a motion to vacate a [default] judgment under rule 60(b) is ordinarily reversed only on abuse of discretion." (internal quotation marks omitted)), *aff'd sub nom. State v. All Real Property at 736 N. Colo. St.*, 2005 UT 90, 127 P.3d 693.

## ANALYSIS

¶ 7 "In general, a movant is entitled to have a default judgment set aside under [rule] 60(b) [of the Utah Rules of Civil Procedure] if (1) the motion is timely; (2) there is a basis for granting relief under one of the subsections of 60(b); and (3) the movant has alleged a meritorious defense." *Menzies v. Galetka*, 2006 UT 81, ¶ 64, 150 P.3d 480. Cadlerock does not dispute the timeliness of Michelex's motion or the merit of its potential defense. We therefore consider only whether the district court abused its discretion in finding no basis in rule 60(b) for granting relief. We conclude that it did not.

¶ 8 Michelex claims on appeal that it was entitled to relief under rule 60(b). The pertinent part of rule 60(b) provides,

> On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

Utah R. Civ. P. 60(b); *see also id.* R. 55(c) (permitting a district court to set aside a default judgment for good cause pursuant to rule 60(b)). Specifically, Michelex claims it is entitled to relief under subsection (b)(1) because its New York counsel acted as would a reasonably prudent attorney and its reliance upon counsel's assurances that Michelex had responded adequately thus constituted excusable neglect. In the alternative, Michelex contends that its status as an out-of-state garnishee, which did not participate in the underlying action, entitled it to a hearing before a default judgment could be entered against it. *See generally Pangea Techs., Inc. v. Internet Promotions, Inc.*, 2004 UT 40, ¶ 6, 94 P.3d 257 (observing that because "[a] garnishee is a stranger to the principal case," "heightened sensitivity to due process is particularly evident" and that rule 64D of the Utah Rules of Civil Procedure, which governs garnishment proceedings, therefore requires a hearing before entry of judgment against a garnishee).

1. The district court's minute entry stated that no further order was required and thus complied with the requirements of *Giusti v. Sterling Went-* *worth Corp.*, 2009 UT 2, ¶ 32, 201 P.3d 966, for a minute entry to constitute a final order.

¶ 9 "A trial court has discretion in determining whether a movant has shown ... excusable neglect, and this [c]ourt will reverse the trial court's ruling only when there has been an abuse of discretion." *Larsen v. Collina*, 684 P.2d 52, 54 (Utah 1984) (internal quotation marks omitted). Here, the district court concluded that Michelex's neglect was not excusable, explaining that while "Michelex claims ... it was unfamiliar with Utah Rules of Civil Procedure ... [,] it did have counsel before the Order and Judgment was entered," making its failure to respond the product of "indifference ... and lack of diligence" rather than excusable neglect. Even if Michelex was confident that it did not owe Enpack any money, it was unreasonable for it to ignore orders from the district court, especially as those orders strongly suggested that Michelex's confidence in its position was not supported by the actions of either Cadlerock or the court, which were moving forward on the premise that Michelex had failed to comply with its responsibilities under the garnishment writ. Because Utah precedent clearly establishes that some measure of diligence is necessary to constitute excusable neglect, *see Jones v. Layton/Okland*, 2009 UT 39, ¶ 23, 214 P.3d 859 ("[W]hile a party need not be perfectly diligent in order to obtain relief, *some* diligence is necessary."); *see also id.* ¶ 24 (prohibiting the grant of relief under 60(b)(1) "solely because the moving party would be severely prejudiced"), we cannot hold that the district court abused its discretion by denying the motion to set aside the default judgment on the basis of excusable neglect. *See generally Larsen*, 684 P.2d at 53–54 (holding that the trial court did not abuse its discretion in finding that the defendant's lack of notice that default judgment could be entered against him if he did not respond to the plaintiff's interrogatories did not constitute excusable neglect where he stopped communicating with his attorney, failed to inform counsel that he had moved, and failed to respond to opposing counsel's request that he appear in court on his own behalf).

¶ 10 Nevertheless, we conclude that the default judgment should be reversed with respect to the amount and the case remanded for a hearing. Michelex's primary complaint in the district court and on appeal is that it was deprived of a hearing in which its financial obligations to Enpack, if any, could be determined. Our precedent states that even defaulting defendants should usually be afforded an evidentiary hearing whenever the amount owed is unliquidated under rule 55(b)(2), the provision that governs default judgments, *see* Utah R. Civ. P. 55(b)(2) (providing for the court to "conduct such hearings or order such references as it deems necessary and proper" when the plaintiff's claim is not for a sum certain). *See also Skanchy v. Calcados Ortope SA*, 952 P.2d 1071, 1076 (Utah 1998) ("To enter a default judgment for unliquidated damages, a judge must review the complaint, determine whether the allegations state a valid claim for relief, and award damages in an amount that is supported by some valid evidence.... That usually means a hearing must be held so that the plaintiff can provide evidentiary support for the award of damages."). Indeed, the Utah Supreme Court has stated, "Courts are not at liberty to deviate from ... rule[ 55] just because one party is in default and is not entitled to be heard on the merits of the case." *Russell v. Martell*, 681 P.2d 1193, 1195 (Utah 1984). Consequently, in cases where there was insufficient evidence to support the amount of a default judgment, the supreme court has remanded for a rule 55(b)(2) damages hearing, despite affirming the trial court's denial of a motion to set aside the judgment under rule 60(b).

¶ 11 For example, in *Pitts v. Pine Meadow Ranch, Inc.*, 589 P.2d 767 (Utah 1978), the defendants failed to respond to a complaint for trespass, in which the plaintiffs asserted they had suffered $36,000 in damages on property worth $16,000. *See id.* at 768. The trial court did not receive any evidence of the property's market value after the trespass or of the value of the trees, for which treble damages were collected, nor did it receive any evidence from which it could find malice or wanton destruction to support an award of punitive damages. *See id.* at 769. Nonetheless, the trial court entered default judgment for the full amount. *See id.* at 768. The defendants moved to vacate the judgment in the "interest of justice, since [the judgment]

constitute[d] more than twice the value of the land destroyed." *Id.* The trial court denied that motion, and the defendants appealed. *See id.* The Utah Supreme Court held that it was not an abuse of discretion to deny the defendants' motion because they did not assert any proper ground for relief under rule 60(b). *See id.* at 769. It agreed with the defendants, however, that where the damages claim was "other than a sum certain," the trial court had an obligation under rule 55(b)(2) to "conduct such hearings and take such evidence as it deems advisable for determining the damages." *Id.* The supreme court therefore held that there was insufficient credible evidence to support the judgment amount and remanded for a hearing on damages as required by rule 55(b)(2).[2] *See id.* (interpreting rule 55(b)(2) to require that a trial court receive credible evidence to support the judgment amount).

¶ 12 The supreme court took the same approach when it decided *J.P.W. Enterprises, Inc. v. Naef,* 604 P.2d 486 (Utah 1979). The plaintiff filed a complaint against the defendant, to which the defendant did not respond. *See id.* at 486–87. Consequently, the plaintiff was awarded a default judgment of over $11,000. *See id.* at 487. When the plaintiff filed a second suit against the defendant and again received no response, it obtained a judgment of over $100,000. *See id.* Despite receiving notice of both judgments and being given an opportunity to move to vacate the judgments, the defendant took no action until the plaintiff attempted to levy his assets. *See id.* He then moved to set aside the judgment under rule 60(b); that motion was denied. *See id.* On appeal, the defendant asserted that the trial court abused its discretion in denying his motion because there were "other reason[s] justifying relief from the operation of the judgment," namely, that he had mistakenly believed that he had hired counsel. *See id.* at 487–88 (internal quotation marks omitted). The supreme court affirmed the trial court's refusal to set aside the default judgment, observing that the defendant seemed to be seeking relief for "mistake, inadvertence, surprise, or excusa-

ble neglect" under rule 60(b)(1), Utah R. Civ. P. 60(b)(1). *See J.P.W. Enters.,* 604 P.2d at 488. But because the defendant filed his motion nearly ten months after the first default judgment and seven months after the second default judgment, it was untimely under subsection (b)(1). *See id.* at 487–88. The supreme court did agree with the defendant, however, that "there was no evidence to support the amounts of damages in the judgments entered pursuant to those defaults." *Id.* at 488. And relying on its decision in *Pitts,* the supreme court remanded for an evidentiary hearing on damages. *See id.*

. ¶ 13 In its decisions in *Larsen v. Collina,* 684 P.2d 52 (Utah 1984), and *Russell v. Martell,* 681 P.2d 1193 (Utah 1984), the Utah Supreme Court again affirmed the trial courts' denials of motions to set aside judgments filed in each case. *See Larsen,* 684 P.2d at 56; *Russell,* 681 P.2d at 1195. In both cases, the defaulting defendants sought relief under rule 60(b)(1), but their motions were untimely. *See Larsen,* 684 P.2d at 54; *Russell,* 681 P.2d at 1194–95. The supreme court refused to consider subsection (6)—subsection (7) as it was then numbered—as a basis for reversing the trial courts' decisions because the claims raised were really within the scope of subsection (1). *See Russell,* 681 P.2d at 1195 ("[Subsection 6] may not be resorted to for relief when the ground asserted for relief falls within sub[section] 1."); *accord Larsen,* 684 P.2d at 54. Nevertheless, the supreme court remanded both cases for a damages hearing because the damages sought in each case were unliquidated and the trial courts had failed to take damages evidence prior to entering the judgment amount. *See Larsen,* 684 P.2d at 56; *Russell,* 681 P.2d at 1195.

¶ 14 In this case, the relief sought from the court on Michelex's default was a judgment for "all amounts Michelex owes to [Enpack] ... up to the amount of the Judgment." While the amount of the judgment against Enpack was fixed and known, the amount Michelex may have owed to Enpack was not; that amount was therefore unliquidated. Because the relief granted against Michelex was

---

2. In so doing, the supreme court recognized that the plaintiffs had to incur significant expense to relitigate their damages and conditioned the new

hearing upon the defendants paying the plaintiffs' expenses. *See Pitts v. Pine Meadow Ranch, Inc.,* 589 P.2d 767, 769–70 (Utah 1978).

in the nature of a default judgment, we believe that it was "necessary and proper," *see* Utah R. Civ. P. 55(b)(2), that the district court conduct a hearing to determine exactly what, if anything, Michelex owed to Enpack.

¶ 15 Although no Utah appellate court has considered whether a default judgment against a garnishee should be remanded where evidence has not been properly received on the amount the garnishee owed the judgment debtor, there is nothing in the language of rule 55(b)(2) or our precedent that renders the rule inapplicable to garnishees. Indeed, the supreme court has recognized,

> A garnishee is a stranger to the principal case and an involuntary participant in the garnishment proceeding. This structural circumstance imposes unique due process demands on garnishment procedures. The need for heightened sensitivity to due process is particularly evident where ... a plaintiff seeks to obtain a judgment from a garnishee.... [Thus,] rule 64D[ of the Utah Rules of Civil Procedure] requires that a garnishee be afforded a hearing before it can be found liable to a plaintiff and have a judgment entered against it.

*Pangea Techs., Inc. v. Internet Promotions, Inc.*, 2004 UT 40, ¶ 6, 94 P.3d 257; *see also Webb v. Erickson*, 134 Ariz. 182, 655 P.2d 6, 11 (1982) (en banc) (quoting Rufus Waples, *Waples on Attachment & Garnishment* § 501 (2d ed. 1895), for the proposition that a garnishee is "a disinterested party in the proceedings, so far as any prospect of being [benefitted] is concerned, yet an interested third person so far as the danger of being injured is concerned" (internal quotation marks omitted)). Thus, it follows that a garnishee, whose relationship to the legal proceedings is attenuated and limited in scope, presents an even stronger case for a hearing to determine any unliquidated amounts owed than does the defendant who has a stake in the outcome as a whole. *See Carpenter v. Benson*, 478 So.2d 353, 356 (Fla.Dist.Ct.App. 1985) (recognizing that a judgment creditor "derives [it]s rights against a garnishee only by virtue of the fact that the garnishee holds money or property owed to the judgment debtor").

¶ 16 Michelex maintains that it failed to respond because it did not owe Enpack money. Yet Cadlerock received judgment against Michelex in the amount of $803,031.31 plus postjudgment interest, following an uncontested hearing on a bench warrant. Although Michelex was notified that a hearing on the bench warrant would occur, it was not given notice that an evidentiary hearing on the amount it owed pursuant to a default judgment would simultaneously be held. *See generally* Utah R. Civ. P. 5(a)(2)(C) (requiring that "a party in default for any reason ... be served with notice of any hearing necessary to determine the amount of damages to be entered"). Moreover, the evidence proffered at the hearing was one-sided and relatively perfunctory. Indeed, the evidence presented did not appear to rise to a level of reliability sufficient to persuade us that the bench warrant hearing itself fulfilled the hearing requirements of rule 55(b)(2). Nor does the evidence justify a judgment of over $800,000, even absent the concern about lack of adequate notice. *See generally Pitts v. Pine Meadow Ranch, Inc.*, 589 P.2d 767, 769 (Utah 1978) (remanding for an evidentiary hearing where the amount of damages was supported by insufficient evidence). Consequently, although we affirm the district court's refusal to set aside the judgment, we remand for an evidentiary hearing to determine the amount that Michelex may owe to Enpack.[3]

¶ 17 In so doing, we are not excusing Michelex's behavior, which merits both censure and sanction. Rather, the district court may exercise its inherent power to impose reason-

---

3. Other jurisdictions faced with circumstances analogous to these have opted to set aside the default judgment on the basis of rule 60(b)(6), rather than remand for a damages hearing under rule 55(b)(2). *See, e.g., Federal Deposit Ins. Corp. v. Yancey Camp Dev.*, 889 F.2d 647, 648–49 (5th Cir.1989) (setting aside a $200,000 default judgment against a garnishee under rule 60(b)(6) where an evidentiary hearing would have revealed that the debtor did not actually deposit any funds with the garnishee-bank); *Webb v. Erickson*, 134 Ariz. 182, 655 P.2d 6, 11 (1982) (en banc) (affirming the trial court's decision to set aside a default judgment against a garnishee, noting that the fact that the garnishee "was held responsible for the full amount of another person's debt without a hearing on the merits is certainly a consideration that can properly be taken into account by the trial court in deciding whether to grant relief under [rule 60(b)(6) ]");

able and proportionate monetary sanctions upon Michelex for its failure to appear or respond to court orders. *See* Utah Code Ann. § 78A–2–201 (2008) (including within the inherent powers of a court, the power to "enforce order in the proceedings before it," to "compel obedience," and to "control . . . persons in any manner connected with a judicial proceeding"); *Pitts*, 589 P.2d at 769–70 (conditioning a new evidentiary hearing on damages following default judgment upon payment, by the defendants, of the plaintiffs' "reasonable and necessary expenses . . . for the purpose of re-litigating plaintiffs' damages"). The district court, at a minimum, should consider whether Michelex ought to be required to compensate Cadlerock for its attorney fees and costs expended in pursuing the garnishment process, including this appeal if the court deems it appropriate. *Cf. Jones v. Layton/Okland*, 2009 UT 39, ¶ 22 n. 15, 214 P.3d 859 ("The district court's equitable discretion extends to fashioning the remedy as well as granting it. In other words, a district court may, as part of exercising its equitable discretion, in appropriate cases, condition the relief from judgment on the moving party's payment of attorney fees incurred by the nonmoving party as a result of the moving party's . . . satisfaction of any . . . equitable condition [for granting relief].").

¶ 18 We affirm the entry of default judgment in terms of basic responsibility but remand for an evidentiary hearing on the amount Michelex owed and such other proceedings as may be appropriate under the circumstances.

¶ 19 WE CONCUR: GREGORY K. ORME and J. FREDERIC VOROS JR., Judges.

---

*Webb*, 655 P.2d at 11 (stating that Arizona courts apply "more liberality" "in setting aside a judgment against a defaulting garnishee than in setting aside a judgment against a defaulting defendant").

The Utah Supreme Court, however, is not alone in its approach. *See generally Capital One Servs., Inc. v. Rawls*, 904 So.2d 1010, 1019 (¶ 31) (Miss. 2004) (affirming the trial court's refusal to set aside a default judgment but remanding for an evidentiary hearing on damages); *Capital–Plus v. Consolidated Ambulance Serv. Corp.*, 10th Dist. No. 02AP–772, 2003–Ohio–759, at ¶¶ 18–19, 2003 WL 361013 (remanding for a damages hearing pursuant to rule 55 where the amount of damages was uncertain and the court did not hold a hearing or receive evidence regarding what amounts were owed by the garnishee to the judgment debtor).