2001 UT App 361

STATE of Utah, Plaintiff and Appellee,

v.

ALL REAL PROPERTY, residence, and appurtenances located at 736 North Colorado Street, Salt Lake City, Utah 84116, Defendant,

and

Bruce Petersen, Appellant.

No. 20000828–CA.

Court of Appeals of Utah.

Nov. 29, 2001.

Steven B. Wall, Wall & Wall, Salt Lake City, for Appellant.

Clark A. Harms and Chad L. Platt, Salt Lake Deputy Atty., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., and
BILLINGS and ORME, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Bruce Petersen (claimant) appeals the trial court's denial of his motion to set aside a default judgment forfeiting claimant's interest in real property located at 736 North Colorado Street in Salt Lake City, Utah (the Property). Claimant argues the trial court erred in refusing to grant his motion to set aside a default judgment for two primary reasons: (1) the trial court lacked jurisdiction because the Notice of Seizure and Intended Forfeiture[1] (the Notice) was not personally served on him, and (2) the trial court mechanically adopted the State's findings of fact and conclusions of law, which were contrary to the evidence.[2] We affirm.

## BACKGROUND

¶ 2 Claimant owns the Property that is the subject of this lawsuit. On January 27, 1997, the federal government charged claimant with attempting to manufacture methamphetamine with intent to distribute and other drug-related charges. Claimant was convicted of those charges. As a result of his conviction, the State sought forfeiture of the Property pursuant to Utah Code Ann. § 58–37–13(2)(k) (Supp.1996) by filing a verified complaint for forfeiture.

¶ 3 The State attempted to serve copies of the complaint and the Notice on claimant through certified mail. The postal service forwarded the certified letter to claimant's new address[3] and attempted to deliver it three times. The postal service also left a notice after each delivery attempt informing claimant that he had a certified letter waiting to be delivered. Claimant never accepted the letter. Subsequently, the trial court entered a Judgment of Forfeiture against all interested parties, including claimant.

¶ 4 Claimant became aware of the default judgment against the Property and filed a motion to set the default judgment aside. *See* Utah R. Civ. P. 60(b). Claimant filed a memorandum in support of his motion, arguing he was never personally served with the Notice and therefore the trial court lacked jurisdiction to enter a default judgment against him. The State argued claimant was properly served according to the provisions of Utah Code Ann. § 58–37–13(9)(d) (Supp. 2001).[4] The trial court denied the Rule 60(b) motion and adopted and signed findings of fact and conclusions of law submitted by the State. The trial court denied claimant's motion to reconsider. This appeal followed.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Claimant's primary argument is he was never personally served with the Notice as required by section 58–37–13(9)(d)(i) of the Utah Code, thus denying the trial court jurisdiction over this case. "A denial of a motion to vacate a judgment under rule 60(b) is ordinarily reversed only on abuse of discretion. However, when a motion to vacate . . . is based on a claim of lack of jurisdiction, the district court has no discretion." *Department of Soc. Servs. v. Vijil*, 784 P.2d 1130, 1132 (Utah 1989) (internal citations omitted). Therefore, we review this issue for correctness. *See id.*

("Under ordinary circumstances, appellate courts will not consider . . . a constitutional argument, raised for the first time on appeal unless the trial court committed plain error.").

---

1. *See* Utah Code Ann. § 58–37–13(9)(d) (Supp. 2001).

2. Claimant also contends the trial court abused its discretion by failing to enter findings of fact and conclusions of law addressing the proportionality of the forfeiture to the crime as required by the United States Constitution. *See State v. Real Property*, 2000 UT 17, ¶ 5, 994 P.2d 1254, *cert. denied*, 530 U.S. 1262, 120 S.Ct. 2718, 147 L.Ed.2d 983 (2000). However, we do not consider the constitutional issue since claimant failed to raise it below and does not argue plain error or exceptional circumstances on appeal. *See State v. Helmick*, 2000 UT 70, ¶ 8, 9 P.3d 164

3. Claimant does not dispute that he had provided a change of address notice to the postal service, nor that he resided at the new address.

4. As there is no material change affecting this portion of Utah Code Ann. § 58–37–13(9)(d) since this action arose, we cite the current version.

¶ 6 Claimant also argues that the trial court mechanically adopted the findings of fact and conclusions of law submitted by the State and that the findings of fact were contrary to the evidence. We review this issue under an abuse of discretion standard. *See Katz v. Pierce,* 732 P.2d 92, 93 (Utah 1986).

## ANALYSIS

### I. Personal Service of the Notice

■ ¶ 7 Section 58–37–13(9)(d) of the Utah Code establishes the requirements for serving the Notice on parties who may have an interest in the property that the State is seeking to seize through forfeiture. Under this section,

> Notice of the seizure and intended forfeiture shall be filed with the clerk of the court, and served upon all persons known to the county attorney or district attorney to have a claim in the property by:
>
> (i) personal service upon a claimant who is charged in a criminal information or indictment; and
>
> (ii) certified mail to each claimant whose name and address is known or to each owner whose right, title, or interest is of record in the Division of Motor Vehicles to the address given upon the records of the division, which service is considered complete even though the mail·is refused or cannot be forwarded.

Utah Code Ann. § 58–37–13(9)(d)(i)–(ii) (Supp.2001). Claimant argues that because he was a federal criminal defendant when the State served the Notice, personal service was required by section 58–37–13(9)(d)(i). The State argues the personal service requirements of section 58–37–13(d)(i) apply only to state criminal defendants—not federal criminal defendants.

■ ¶ 8 We begin by determining whether the meaning of "a criminal information or indictment" includes federal criminal defendants. *Id.* § 58–37–13(9)(d)(i). When interpreting a statute, this court will not look beyond the statute's plain language unless the plain language is ambiguous. *See Lyon v. Burton,* 2000 UT 19, ¶ 17, 5 P.3d 616, *modified and rehearing denied,* 2000 UT 55, 5 P.3d 616. To determine the meaning of the plain language, this court will read the statute "as a whole." *Id.*

¶ 9 The statutory language of section 58–37–13(9)(d)(i) by itself does not reveal whether the personal service provisions apply to a state prosecution or to both a state and a federal prosecution. However, section 58–37–13(9)(b) states: "In cases where a claimant is also charged as a criminal defendant, the forfeiture shall proceed as part of the criminal prosecution." *Id.* Claimant concedes the State cannot intervene in a federal criminal proceeding to bring a forfeiture action. Hence, the only forum in which the State can pursue a forfeiture action in a criminal prosecution is in state court.

¶ 10 Claimant contends that because the federal government always initiates prosecution by indictment and the State always proceeds by information, the Legislature meant to include both federal and state criminal defendants within the purview of the personal service provisions of section 58–37–13(9)(d). However, this assertion is incorrect. Pursuant to the Utah Rules of Criminal Procedure, the State may begin a criminal prosecution by way of information or indictment. *See* Utah R.Crim. P. 4. Furthermore, the federal government may also proceed by way of indictment or information in many cases. *See* Fed.R.Crim.P. 7. Hence, claimant's analysis is not helpful in determining the Legislature's intent. However, the statute read as a whole confirms that the personal service provisions of the Notice apply only to defendants in a state criminal prosecution, where the forfeiture is pursued "as part of the criminal prosecution." Utah Code Ann. § 58–37–13(9)(b). Therefore, because claimant was a federal criminal defendant, section 58–37–13(9)(d) did not apply, and the State could serve the Notice on claimant through certified mail.[5]

---

5. Claimant also argues on appeal that the State violated the Utah Rules of Civil Procedure by failing to personally serve claimant with the complaint and summons. While the complaint required by section 58–37–13(9)(c) may well need to be served personally pursuant to the Utah Rules of Civil Procedure, claimant did not raise this argument below. For claimant to raise the

## II. Findings of Fact and Conclusions of Law

¶ 11 Claimant has also failed to show that the trial court's findings were contrary to the evidence or mechanically adopted.

> The law is well settled that it is the duty of the trial judge in contested cases to find facts upon all material issues submitted for decision unless findings are waived. The court may ask counsel to submit findings to aid the court in making the necessary findings for the particular case.... The discretion of adopting the findings as submitted to the trial court is exclusively in that court as long as the findings are not clearly contrary to the evidence.

*Boyer Co. v. Lignell,* 567 P.2d 1112, 1113–14 (Utah 1977) (footnotes omitted). Claimant points to no evidence to support his argument that the trial court mechanically adopted its findings of fact and conclusions of law. Furthermore, our review of the record reveals adequate support for the trial court's findings of fact.[6] Claimant has identified no finding of fact "clearly contrary" to the evi-

dence. *Id.* We therefore find no abuse of discretion in the trial court's actions.

## CONCLUSION

¶ 12 Claimant's argument that the trial court lacked jurisdiction because the Notice was not personally served fails because, pursuant to section 58–37–13(9)(d), claimant could be served by certified mail.[7] Claimant's second argument also fails because claimant does not show any findings of fact contrary to the evidence, and has not demonstrated an abuse of discretion by the trial court in adopting findings of fact and conclusions of law as submitted by the State. Affirmed.

¶ 13 WE CONCUR: JUDITH M. BILLINGS, Judge, and GREGORY K. ORME, Judge.

issue of defective service of the complaint on appeal, he must have raised it below. *See Watkiss & Campbell v. Foa & Son,* 808 P.2d 1061, 1066–67 (Utah 1991); *see also* Utah R. Civ. P. 12(h) (stating lack of jurisdiction for defective service can be waived). Claimant has also failed to argue plain error or exceptional circumstances on appeal. Accordingly, we cannot address the argument. *See State v. Helmick,* 2000 UT 70, ¶ 8, 9 P.3d 164.

6. We note that the postal service attempted to deliver the Notice on three separate occasions to

claimant's forwarding address and left a note on each occasion advising claimant that he had a certified letter waiting for him. Therefore, the trial court's findings of fact indicating that claimant refused service are adequately supported by the evidence.

7. This holding applies only to service of the Notice and not to service of the complaint under section 58–37–13(9)(c). *See supra* note 5.