2004 UT App 232

**STATE of Utah, Plaintiff and Appellee,**

v.

**ALL REAL PROPERTY, residence and appurtenances located at 736 North Colorado Street, Salt Lake City, Utah 84116, Defendant,**

and

**Bruce Petersen, Appellant.**

No. 20030367–CA.

Court of Appeals of Utah.

July 9, 2004.

Steven B. Wall, Wall & Wall, Salt Lake City, for Appellant.

Clark A. Harms and Chad L. Platt, Salt Lake City, for Appellee.

## OPINION

DAVIS, Judge:

¶ 1 Bruce Petersen appeals the trial court's denial of his second motion under rule 60(b) of the Utah Rules of Civil Procedure to set aside a default judgment forfeiting his interest in all real property, residences, and appurtenances located at 736 North Colorado Street in Salt Lake City, Utah (Property). Petersen asserts that he was entitled to personal service of the Verified Complaint for Forfeiture (Complaint) in accordance with the provisions of rule 4 of the Utah Rules of Civil Procedure, rather than service by certified mail. Based upon this assertion, Petersen argues that the trial court lacked jurisdiction to enter the default judgment against him and, therefore, the trial court erred by denying his second motion under rule 60(b) to set aside the default judgment. We affirm.

## BACKGROUND

¶ 2 Petersen is the owner of the Property. In January 1997, the federal government charged Petersen with three drug-related offenses. In July 1997, Petersen was convicted of several of these offenses in federal court. Because certain drug-related activities took place on the Property in connection with these convictions, the State instituted forfeiture proceedings against the Property, pursuant to statute. *See* Utah Code Ann. § 58-37-13 (Supp.1996).

¶ 3 The State attempted to serve Petersen with the Complaint, together with the Notice of Seizure/Notice of Intent to Forfeit (No-

tice), by sending them by certified mail to the address of the Property. Pursuant to Petersen's request, the postal service forwarded this certified mailing to his new address and attempted to deliver it three times. After each delivery attempt, the postal service left notice that Petersen had a certified mailing waiting to be delivered to him. Petersen never accepted the mailing.

¶ 4 Thereafter, the trial court entered a default judgment against Petersen, which forfeited his interest in the Property. When Petersen learned of this, he filed his first motion under rule 60(b) of the Utah Rules of Civil Procedure to set aside the default judgment, arguing that the trial court lacked jurisdiction to enter the default judgment against him because he was entitled to personal service of the Notice in accordance with the provisions of rule 4 of the Utah Rules of Civil Procedure. Petersen asserted that, pursuant to statute, the State was required to personally serve him with the Notice under rule 4 because he was a "claimant … charged in a criminal information or indictment." Utah Code Ann. § 58–37–13(9)(d)(i)(requiring "personal service" of the "[n]otice of the seizure and intended forfeiture" upon "a claimant who is charged in a criminal information or indictment"). Although this motion contested the sufficiency of service of the Notice, it made no reference to and did not present any arguments concerning the sufficiency of service of the Complaint. The trial court denied this motion, and Petersen appealed that ruling to this court. *See State v. 736 North Colorado Street*, 2001 UT App 361, 37 P.3d 276 (*736 North Colorado Street I.*)

¶ 5 As part of his appeal in *736 North Colorado Street I*, Petersen argued for the first time that the trial court lacked jurisdiction to enter the default judgment against him because he was entitled to personal service of the Complaint in accordance with the provisions of rule 4. *See 736 North Colorado Street I*, 2001 UT App 361 at ¶ 10 n. 5, 37 P.3d 276. This court did not address that argument because Petersen did not preserve it for appellate review by raising it in his first rule 60(b) motion, and he did not argue plain error or exceptional circumstances on

appeal. *See 736 North Colorado Street I*, 2001 UT App 361 at ¶ 10 n. 5, 37 P.3d 276. After considering Petersen's other arguments, this court affirmed the trial court's denial of Petersen's first rule 60(b) motion. *See 736 North Colorado Street I*, 2001 UT App 361 at ¶ 12, 37 P.3d 276.

¶ 6 Petersen then filed his second motion under rule 60(b) to set aside the default judgment in the trial court, arguing, as he did for the first time on appeal in *736 North Colorado Street I*, that the trial court lacked jurisdiction to enter a default judgment against him because he was entitled to personal service of the Complaint in accordance with the provisions of rule 4. The trial court denied this motion, concluding that Petersen's claim of insufficiency of service of the Complaint was not originally raised and was therefore waived. Petersen appeals.

## ISSUE AND STANDARD OF REVIEW

 ¶ 7 Petersen asserts that he was entitled to personal service of the Complaint in accordance with the provisions of rule 4 of the Utah Rules of Civil Procedure, rather than service by certified mail. Based upon this assertion, Petersen argues that the trial court lacked jurisdiction to enter the default judgment against him and, therefore, the trial court erred by denying his second motion under rule 60(b) of the Utah Rules of Civil Procedure to set aside the default judgment. "A denial of a motion to vacate a judgment under rule 60(b) is ordinarily reversed only on abuse of discretion. However, when a motion to vacate … is based on a claim of lack of jurisdiction, the district court has no discretion. Therefore, we review this issue for correctness." *State v. 736 North Colorado Street*, 2001 UT App 361, ¶ 5, 37 P.3d 276 (alteration in original) (quotations and citations omitted).

## ANALYSIS

 ¶ 8 When a party disputes the sufficiency of service of process, that party must do so either in a preanswer motion, other initial pleading, or general appearance, pursuant to rule 12 of the Utah Rules of Civil Procedure. In relevant part, rule 12 provides that

[e]very defense, in law or fact, to claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, *shall* be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (5) insufficiency of service of process.

Utah R. Civ. P. 12(b)(5) (emphasis added). Further, rule 12(h) provides, in relevant part, that "[a] party waives all defenses and objections not presented either by motion or by answer or reply." Utah R. Civ. P. 12(h).[1] Thus, a party must allege all of the available rule 12(b) defenses that are subject to waiver under rule 12(h), including insufficiency of service of process, *see* Utah R. Civ. P. 12(b)(2)-(5), in the first preanswer motion or initial responsive pleading, or those defenses are waived. *See* Utah R. Civ. P. 12(h); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (2d ed.1990)[2] (stating that the defenses set forth in subdivisions (2) through (5) of Federal Rule of Civil Procedure 12 "are waived if they are not included in a preliminary motion under [Federal Rule of Civil Procedure] 12 . . . or, if no such motion is made, they are not included in the responsive pleading," and that when a preanswer motion is made, "[i]f one or more of these defenses are omitted from the initial motion but were 'then available' to the movant, they are permanently lost"); *see also Watkiss & Campbell v. Foa & Son,* 808 P.2d 1061, 1067 (Utah 1991) ("It is evident that the policy of rule 12(h) . . . is to require all [rule 12(b) preanswer] motions to be presented for decision early and all at the same time so as to promote judicial efficiency and to reduce litigation expenses.").

¶ 9 Although this waiver rule is well established, Utah courts have not specifically applied it in a situation where (1) a party's first responsive pleading is a motion under rule 60(b) of the Utah Rules of Civil Procedure to set aside a default judgment, which fails to raise one of the defenses set forth in subdivisions (2) through (5) of rule 12; and (2) that party later seeks to raise the defense omitted from the first rule 60(b) motion. However, this issue has been addressed by both the Eleventh Circuit Court of Appeals and the Seventh Circuit Court of Appeals. *See Valdez v. Feltman (In re Worldwide Web Sys., Inc.),* 328 F.3d 1291 (11th Cir.2003); *Swaim v. Moltan Co.,* 73 F.3d 711 (7th Cir.1996).

¶ 10 Although addressing failure to allege lack of capacity, the *Swaim* court stated:

[I]n personam jurisdictional challenges to default judgments are forfeited if not asserted in a [Federal Rule of Civil Procedure] 60(b) motion, if such a motion is made. This forfeiture rule reflects the functional similarity between a personal jurisdictional challenge to a default judgment and a motion to dismiss for lack of jurisdiction under [Federal Rule of Civil Procedure] 12(b)(2). A defense of lack of jurisdiction is forfeited if not asserted in a timely motion to dismiss under [Federal Rule of Civil Procedure] 12 or a responsive pleading or amendment of such as provided by [Federal Rule of Civil Procedure] 15. A motion to vacate under [Federal Rule of Civil Procedure] 60(b) for lack of jurisdiction is essentially equivalent to a [Federal

---

1. Rule 12(h) of the Utah Rules of Civil Procedure also provides several exceptions to this waiver rule, but they are not applicable to an allegation of insufficiency of service of process under rule 12(b)(5). *See* Utah R. Civ. P. 12(h)(1)-(2).

2. Rule 12(b), rule 12(h), and rule 60(b) of the Federal Rules of Civil Procedure are substantially similar to rule 12(b), rule 12(h), and rule 60(b) of the Utah Rules of Civil Procedure. *Compare* Fed.R.Civ.P. 12(b), *with* Utah R. Civ. P. 12(b); *compare* Fed.R.Civ.P. 12(h), *with* Utah R. Civ. P. 12(h); *compare* Fed.R.Civ.P. 60(b), *with* Utah R. Civ. P. 60(b). Therefore, throughout this opinion "we freely refer to authorities which have interpreted [those] federal rule[s]." *Gold Standard, Inc. v. American Barrick Res. Corp.,* 805 P.2d 164,

168 (Utah 1990); *see Tucker v. State Farm Mut. Auto. Ins. Co.,* 2002 UT 54, ¶ 7 n. 2, 53 P.3d 947 ("Interpretations of the Federal Rules of Civil Procedure are persuasive where the Utah Rules of Civil Procedure are 'substantially similar' to the federal rules." (citations omitted)); *Barton v. Utah Transit Auth.,* 872 P.2d 1036, 1039 n. 5 (Utah 1994) ("This court recognizes the persuasiveness of federal interpretations when the state and federal rules are similar and few Utah cases deal with the rule in question."). For clarity, all references to rules throughout this opinion will be to the Utah Rules of Civil Procedure, unless specifically noted as a reference to the Federal Rules of Civil Procedure.

Rule of Civil Procedure] 12(b)(2) motion to dismiss for lack of jurisdiction.

*Swaim,* 73 F.3d at 718 (italics and citations omitted).[3]

¶ 11 The issue we are faced with in this case was later addressed by the Eleventh Circuit Court of Appeals. *See Valdez,* 328 F.3d 1291. In *Valdez,* a default judgment was entered against the defendants. *See id.* at 1294. The defendants subsequently filed a motion under Federal Rule of Civil Procedure 60(b) to set aside the default judgment. *See Valdez,* 328 F.3d at 1294. This motion did not include a challenge to sufficiency of service of process. *See id.* On appeal, the defendants argued "for the first time the claim that final default judgment should be set aside as void for lack of proper service of process." *Id.* at 1295. As a result, the court was presented with the issue of whether the defendants waived their challenge to sufficiency of service of process "when [they] failed to dispute sufficiency of service of process in [their] *first* [Federal Rule of Civil Procedure] 60(b) motion." *Valdez,* 328 F.3d at 1300 (emphasis added). In its ruling, the *Valdez* court stated:

[W]e hold that when a party *first* moves under [Federal Rule of Civil Procedure] 60(b) to set aside a default judgment in the bankruptcy[ (trial) [4]] court (absent a compelling showing that we should make an exception), the failure to raise a claim . . . for insufficient service of process waives

the claim and we will not address it on appeal.

*Valdez,* 328 F.3d at 1300 (emphasis added).[5]

¶ 12 In Petersen's first rule 60(b) motion, he argued that he was entitled to personal service of the Notice in accordance with the provisions of rule 4 of the Utah Rules of Civil Procedure; however, he failed to make the same argument concerning the Complaint. After the trial court denied this motion, Petersen appealed to this court, arguing for the first time that he was entitled to personal service of the Complaint in accordance with the provisions of rule 4. *See State v. 736 North Colorado Street,* 2001 UT App 361, ¶ 10 n. 5, 37 P.3d 276. Because Petersen did not raise this argument in his first rule 60(b) motion, and because he did not argue plain error or exceptional circumstances, this court did not reach the argument. *See 736 North Colorado Street I,* 2001 UT App 361 at ¶ 10 n. 5, 37 P.3d 276.

¶ 13 Petersen then filed his second rule 60(b) motion, arguing, as he did for the first time on appeal in *736 North Colorado Street I,* that he was entitled to personal service of the Complaint in accordance with the provisions of rule 4. However, Petersen's inclusion of this argument in his second rule 60(b) motion did not remedy his failure to include it in his first rule 60(b) motion. By failing to include it in his first rule 60(b) motion, like the defendants in *Valdez,* Petersen "waive[d] the claim."[6] *Valdez,* 328 F.3d

---

**3.** The issues of capacity and personal jurisdiction are closely related. The court in *Swaim v. Moltan Co.,* 73 F.3d 711 (7th Cir.1996), addressed the effect of the defendant company's failure to allege that it lacked the capacity to be sued in its first Federal Rule of Civil Procedure 60(b) motion to set aside default judgment, which was its first responsive pleading. *See Swaim,* 73 F.3d at 715–16. After setting forth the principles we have quoted, the *Swaim* court stated that "there [was] no logical basis for different treatment of . . . capacity issues," and that "[t]he pleading requirements for capacity . . . correspond to those for personal jurisdiction." *Id.* at 718. Accordingly, the *Swaim* court relied upon these principles to adopt the rule that failure to raise issues of capacity in a party's first responsive pleading, which includes a party's first Federal Rule of Civil Procedure 60(b) motion to set aside default judgment, results in waiver of those issues. *See Swaim,* 73 F.3d at 718 (stating that "[f]ailure to raise capacity in a responsive plead-

ing amounts to forfeiture of that right," and that "[a] party must aver any issues of capacity that it believes merit setting a default judgment aside in order to preserve those questions for appeal").

**4.** The court in *Valdez v. Feltman (In re Worldwide Web Sys., Inc.),* 328 F.3d 1291 (11th Cir.2003), observed that the bankruptcy court was "sitting as a trial court." *Id.* at 1298.

**5.** Although the *Valdez* court ruled that an insufficiency of service of process defense is waived if not set out in a party's first Federal Rule of Civil Procedure 60(b) motion, *see Valdez,* 328 F.3d at 1300, it is less clear whether the ongoing focus of the decision was on waiver of that defense or failure to preserve for appeal.

**6.** Petersen now argues both plain error and exceptional circumstances on this issue. These arguments appear to confuse failure to preserve an

at 1300. Therefore, we conclude that the trial court correctly determined that Petersen waived this claim, and we affirm the trial court's denial of Petersen's second motion under rule 60(b) to set aside the default judgment.[7]

## CONCLUSION

¶ 14 By failing to present his claim of insufficiency of service of the Complaint in his first motion under rule 60(b) of the Utah Rules of Civil Procedure to set aside the default judgment, Petersen waived that claim. Therefore, we affirm the trial court's denial of Petersen's second motion under rule 60(b) to set aside the default judgment.

¶ 15 WE CONCUR: PAMELA T. GREENWOOD and WILLIAM A. THORNE JR., Judges.

issue for review on appeal with waiver of that issue by failing to raise it at the appropriate time—an issue squarely addressed by the trial court in its ruling on Petersen's second rule 60(b) motion.

7. Petersen's final argument is that he was deprived of his interest in the Property without being provided with due process. Petersen did not preserve this issue in the trial court, and does not argue plain error or exceptional circumstances on this issue. *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346 (stating that "[a]s a general rule, claims not raised before the trial court may not be raised on appeal," and that "the preservation rule applies to every claim, including constitutional questions, unless a [par-

ty] can demonstrate that 'exceptional circumstances' exist or 'plain error' occurred"). However, Petersen claims that "[a]lthough this issue was not presented in the proceedings below, we are obliged to consider this argument because it is based on a constitutional question and defendant's liberty is at stake." *State v. Jameson*, 800 P.2d 798, 802–03 (Utah 1990) (footnote omitted). However, Petersen has not attempted to demonstrate how his interest in the Property amounts to a liberty interest; therefore, he has not invoked this pronouncement from *Jameson*. *See id.* Accordingly, we conclude that Petersen's claim under *Jameson* is without merit, and we do not address his final argument. *See Holgate*, 2000 UT 74 at ¶ 11, 10 P.3d 346.