2005 UT 90

**STATE of Utah, Plaintiff and Respondent,**

v.

**ALL REAL PROPERTY, RESIDENCE & APPURTENANCES** Located at 736 North Colorado Street, Salt Lake City, Utah 84116, Defendant.

**Bruce Petersen, Petitioner.**

**No. 20040734.**

Supreme Court of Utah.

Dec. 16, 2005.

David E. Yocom, Clark Harms, Chad L. Platt, Salt Lake City, for respondent.

DURRANT, Justice:

## INTRODUCTION

¶ 1 In this case, we must determine whether Bruce Petersen is barred from raising a defense based on insufficient service of a complaint. Both the district court and the court of appeals determined that Petersen waived the right to raise that defense in his second rule 60(b) motion because he did not raise it in his first rule 60(b) motion. We affirm.

## BACKGROUND

¶ 2 Pursuant to Utah Code section 58–37–13 (Supp.1996), the State initiated forfeiture proceedings against Petersen to seize his property located at 736 North Colorado Street, Salt Lake City, UT. The State sent the Notice of Seizure/Notice of Intent to Forfeit along with the Verified Complaint for Forfeiture to that address via certified mail. After unsuccessful attempts to deliver the notice and complaint, the United States Postal Service returned the package to the State.[1] The State subsequently moved for the entry of a default judgment, which motion the district court granted. The court then entered a judgment of forfeiture against Petersen.

¶ 3 When Petersen learned that the district court had entered a default judgment against him and a judgment of forfeiture against the Colorado Street property, he filed a motion under Utah Rule of Civil Procedure 60(b)[2] in an attempt to have the

Steven B. Wall, Salt Lake City, for petitioner.

1. The United States Postal Service properly forwarded this package to 626 North Colorado Street, the residence where Petersen admittedly resided from February 8 to June 23, 1997. After attempting to deliver the package to that address on the fourth and tenth of June, the post office returned the package to the State on June 20, 1997.

2. Rule 60(b) provides, in relevant part,

   the court may in the furtherance of justice relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

judgment set aside. In support of that motion, Petersen argued that Utah Code section 58–37–13(9)(d), which controls the method of serving a notice of seizure, mandated that a notice of seizure be personally served and that the service by mail was improper under Utah Rule of Civil Procedure 4.[3] In that motion, Petersen did not directly refer to or specifically raise a defense based on insufficient service of the complaint.

¶ 4 The district court denied Petersen's motion on the ground that the service by mail of the notice of seizure was proper under section 58–37–13, that it was Petersen's own errors or mistakes that prevented him from receiving the notice, and that Petersen had not established a meritorious defense to the original action. Petersen moved for reconsideration, and, after his motion was denied, he appealed. On appeal, Petersen argued, among other things, that the district court had lacked jurisdiction over Petersen at the forfeiture proceedings because he had not received personal service of the complaint. The court of appeals dismissed that argument on the ground that Petersen had failed to raise it below and therefore could not raise it on appeal. *State v. All Real Prop.*, 2001 UT App 361, ¶ 10 n. 5, 37 P.3d 276.

¶ 5 Instead of seeking review of that decision, Petersen filed a second rule 60(b) motion with the district court. In this motion, Petersen argued, as he had in his appeal from the initial rule 60(b) motion, that the district court lacked jurisdiction to enter a default judgment against him because he was not personally served with the complaint. The district court denied the motion, concluding that Petersen had waived that defense by not raising it in his initial rule 60(b) motion. Petersen again appealed to the court of appeals, which affirmed, holding that by failing to include the defense based on insufficient service of the complaint in his initial rule 60(b) motion, he had waived that defense. *State v. All Real Prop.*, 2004 UT App 232, ¶ 13, 95 P.3d 1211. We granted certiorari to

review the court of appeals' decision. We have jurisdiction pursuant to Utah Code section 78–2–2(5) (2002).

## · STANDARD OF REVIEW

■ ¶ 6 "On certiorari, we review the court of appeals' decision for correctness." *Utah v. Garner*, 2005 UT 6, ¶ 7, 106 P.3d 729 (internal quotation marks omitted).

## ANALYSIS

¶ 7 The only issue before us is whether Petersen is barred from raising a defense based on insufficient service of the complaint ("complaint defense") in his second rule 60(b) motion. On appeal, Petersen argues first that the waiver rule established by rule 12(h) of the Utah Rules of Civil Procedure does not apply to rule 60(b) motions. Second, he claims that even if the waiver rule applies to such motions, he did in fact challenge the service of the complaint in his initial rule 60(b) motion, and was therefore entitled to reassert that defense in his second rule 60(b) motion. We conclude that rule 12(h) applies to rule 60(b) motions, that Petersen is precluded from arguing that he raised his complaint defense in the initial rule 60(b) motion, and that he therefore waived his right to do so. We will address each argument in turn.

## I. AN INSUFFICIENT SERVICE DEFENSE MUST BE RAISED IN AN INITIAL RULE 60(b) MOTION OR IT IS WAIVED.

¶ 8 Rule 12(b) of the Utah Rules of Civil Procedure provides that a party who wishes to assert a personal jurisdiction defense such as insufficient service of a complaint must do so in the first responsive pleading or by a motion. Utah R. Civ. P. 12(b). Rule 12(h) provides that if a party fails to assert such a defense in the first responsive pleading or by a motion filed prior to the first responsive pleading, the defense is waived. *Id.* 12(h).

¶ 9 The question before us is whether a rule 60(b) motion is subject to the rule 12(h)

---

Utah R. Civ. P. 60(b).

**3.** Although Petersen did not articulate which prong of rule 60(b) he brought his motions under, it appears that the motions were rule

60(b)(4) motions to set aside a default judgment because "the judgment is void." The district court characterized the motions as such, and Petersen has not contested this characterization.

waiver, a question we have never before specifically addressed. We can find no principled basis for treating rule 60(b) motions differently than other motions in this regard. The first document Petersen filed in this action was his rule 60(b) motion to have the default judgment set aside. He could have asserted his complaint defense in that motion but did not.

¶ 10 Our conclusion that the waiver rule applies to rule 60(b) motions is consistent with the federal courts' interpretation of the corresponding Federal Rules of Civil Procedure.[4] *See In re Worldwide Web Sys., Inc. v. Feltman*, 328 F.3d 1291, 1300 (11th Cir.2003) ("[W]hen a party asserts a Rule 60(b) challenge to a default judgment, absent a compelling showing that we should make an exception to this rule, challenges under Rule 60(b)(4) on insufficient service of process grounds are waived if not squarely raised." (internal citation omitted)); *Ladder Man, Inc. v. Mfr's. Distrib. Servs., Inc.*, No. 99–4217, 234 F.3d 1268, 2000 WL 1679439 *2 (6th Cir., Oct. 31, 2000) (unpublished table decision) (holding appellant's failure to raise personal jurisdiction challenges in his rule 60(b)(4) motion to vacate a default judgment results in a waiver of that argument); *Swaim v. Moltan*, 73 F.3d 711, 718 (7th Cir.1996) (dictum) ("[I]n personam jurisdictional challenges to default judgments are forfeited if not asserted in a Rule 60(b) motion, if such a motion is made.").

¶ 11 We therefore conclude that a party waives the right to bring an insufficient service defense if the party does not raise that defense in his initial rule 60(b) motion. Having so concluded, we now turn to Petersen's argument that he did not waive his

right to raise his complaint defense because he raised it in his initial rule 60(b) motion.

## II. PETERSEN IS PRECLUDED FROM ARGUING THAT HE RAISED HIS COMPLAINT DEFENSE IN HIS INITIAL RULE 60(b) MOTION.

¶ 12 On appeal, Petersen argues that, even if the waiver rule applies to rule 60(b) motions, it does not preclude him from bringing his complaint defense in his second rule 60(b) motion, because he properly raised that defense in his initial rule 60(b) motion.[5] Even were this the case, in his first appeal, the court of appeals concluded otherwise, holding that he had not raised that defense in his initial rule 60(b) motion. Petersen did not seek review of that holding. It has therefore been established for purposes of this case that Petersen failed to raise his complaint defense in his initial rule 60(b) motion.

¶ 13 Under the collateral estoppel branch of the res judicata doctrine, a party is precluded "from relitigating issues which were once adjudicated on the merits and have resulted in a final judgment." *Murdock v. Springville Mun. Corp.*, 1999 UT 39, ¶ 18, 982 P.2d 65. On appeal from the district court's denial of his initial rule 60(b) motion, Petersen had a full and fair opportunity to litigate the issue of whether he had brought the complaint defense in that motion. In its opinion on that appeal, the court of appeals held that Petersen had not raised his complaint defense in the district court and was therefore prohibited from raising it at the appellate level. *State v. All Real Prop.*, 2001 UT App 361, ¶ 10 n. 5, 37 P.3d 276. If Petersen believed that the court of appeals'

---

4. "This court recognizes the persuasiveness of federal interpretations when the state and federal rules are similar and few Utah cases deal with the rule in question." *Barton v. Utah Transit Auth.*, 872 P.2d 1036, 1039 n. 5 (Utah 1994); *see also Gold Standard, Inc. v. Am. Barrick Res. Corp.*, 805 P.2d 164, 168 (Utah 1990) ("In construing our rule, we freely refer to authorities which have interpreted the federal rule."). The language of rule 12 and rule 60 of the Federal Rules of Civil Procedure is nearly identical to that of the corresponding Utah Rules of Civil Procedure, and counsel have not directed us to, nor has our own research revealed, any Utah cases addressing the applicability of the waiver rule to rule 60(b) motions.

5. Although Petersen concedes that he did not explicitly list his complaint defense in his first motion or raise that defense at the hearing, Petersen maintains that he was simultaneously challenging the sufficiency of service of the complaint and the notice. This is a substantial departure from the arguments Petersen raised in the memorandum he submitted to the district court to support his second rule 60(b) motion. There he argued that in his initial rule 60(b) motion, he had raised *only* the improper service of notice argument.

decision was incorrect, his remedy was to seek review of that decision as prescribed by the Utah Rules of Appellate Procedure. *See Collins v. Sandy City Bd. of Adjustment,* 2002 UT 77, ¶ 20, 52 P.3d 1267 (holding that failure to challenge a decision on direct appeal results in forfeiture of right to relitigate that issue). Petersen instead chose to file a second rule 60(b) motion with the district court. When Petersen failed to seek review of the court of appeals' decision, that decision became final. Thereafter, Petersen was precluded from relitigating the issue of whether he raised the complaint defense in his initial rule 60(b) motion.

## CONCLUSION

¶ 14 We conclude that a party who fails to raise an insufficient service defense in the party's first rule 60(b) motion, waives that defense. That Petersen did not raise an insufficient service of the complaint defense in his initial rule 60(b) motion has already been determined for the purposes of this case. We therefore conclude that Petersen waived his right to raise that defense in the current rule 60(b) motion. Affirmed.

¶ 15 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT's opinion.